UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CRAIG RICHARD,

        Plaintiff,

   v.

JOSEPH, et al.,

        Defendants.

No. 2: 21-cv-0975 KJN P

ORDER

I.    Introduction

      Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion to compel further responses to request for production of documents nos. 1-7 and 9.  (ECF No. 27.)  Also pending is plaintiff's motion for an extension of time to conduct discovery.  (ECF No. 29.)

      For the reasons stated herein, plaintiff's motion to compel is granted in part and denied in part; and plaintiff's motion for an extension of time to conduct discovery is granted in part and denied in part.

////

////

////

////

1

1        II.       Plaintiff's Claims

2                This action proceeds on plaintiff's complaint against defendants Correctional Officer

3        Joseph and Sergeant Spaulding.[1]  In claim one, plaintiff alleges that during the months of August-

4        October 2020, defendant Joseph sexually harassed/assaulted plaintiff and defendant Spaulding

5        failed to intervene.

6                Plaintiff alleges that defendant Joseph propositioned plaintiff on several occasions and

7        made derogatory comments.  Plaintiff alleges that on September 2, 2020, defendant Joseph

8        sexually harassed plaintiff at the officer's desk while defendant Spaulding stood within earshot.

9        Plaintiff told defendant Joseph that he would report his conduct to defendant Spaulding if he did

10       not leave plaintiff alone.  Defendant Joseph responded that he did not care.  Plaintiff told

11       defendant Spaulding that defendant Joseph was harassing plaintiff in a sexual way.  Defendant

12       Spaulding hollered at plaintiff that he heard plaintiff use profane language toward his officer and

13       plaintiff had nothing coming.  Defendant Spaulding then told defendant Joseph to write plaintiff a

14       rules violation report for being out of bounds.  Defendant Joseph escorted plaintiff to his cell,

15       making crude comments.  Plaintiff alleges that this incident, which occurred between 4:00 and

16       4:30 p.m., was captured on the unit video camera.

17               Plaintiff alleges that between September 8-13, 2020, plaintiff entered the kitchen building

18       between 5-6:00 p.m.  Defendant Joseph entered the kitchen building right after plaintiff.

19       Defendant Joseph made a lude comment and reached for plaintiff's penis.

20               Plaintiff later approached defendant Joseph at his desk and asked defendant Joseph to

21       leave plaintiff alone.  Defendant Joseph told plaintiff that he would stop when he says or he gets

22       what he wants.  Plaintiff was so upset that he punched his cell wall, injuring his hand.  Plaintiff

23       alleges that two mental health employees came to his cell and asked if he was alright.  Plaintiff

24       alleges that this entire incident occurred on September 29, 2020, and was captured on video.

25       ////

26

27       _____

[1]  In the complaint, plaintiff identifies defendant Spalding.  Defendants identify this defendant as
defendant Spaulding, which appears to be the correct spelling of this defendant's name.

28       Accordingly, the undersigned identifies this defendant as defendant Spaulding.

1    III.    Motion to Compel

2        A.    Legal Standard for Motion to Compel

3        The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad.

4    Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or

5    defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within

6    this scope of discovery need not be admissible in evidence to be discoverable." Id. The court,

7    however, may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained

8    from some other source that is more convenient, less burdensome, or less expensive;" or if the

9    party who seeks discovery "has had ample opportunity to obtain the information by discovery;"

10   or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P.

11   26(b)(2)(C).

12       "The party seeking to compel discovery has the burden of establishing that its request

13   satisfies the relevancy requirements of Rule 26(b)(1)." Bryant v. Ochoa, 2009 WL 1390794, at

14   *1 (S.D. Cal. May 14, 2009) (citations omitted). "Thereafter, the party opposing discovery has

15   the burden of showing that the discovery should be prohibited, and the burden of clarifying,

16   explaining or supporting its objections." Id. The opposing party "has the burden to show that

17   discovery should not be allowed…" DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal.

18   2002).

19       B.    Discussion

20       Defendants first argue that plaintiff failed to "meet and confer" regarding the discovery

21   disputes as required by Federal Rule of Civil Procedure 37(a)(1). However, the meet and confer

22   requirements set out in Local Rule 251 are inapplicable in this prisoner case. (See Disc. and Sch.

23   Order (ECF No. 22 at 5).)

24       Request No. 1

25       Request no. 1 sought, "All written statements of witnesses who confirm, deny,

26   corroborate, or otherwise testify against the facts of the claims alleged in the complaint filed in

27   this action, if any." (ECF No. 28-2 at 7.)

28   ////

3

1    In request no. 1, plaintiff appears to seek documents created during a Prison Rape

2  Elimination Act ("PREA") investigation conducted as a result of his allegations.

3    Defendants responded,

> Defendant objects on the grounds that this request is compound.
> Defendant objects on the grounds that the request is vague and
> overbroad.  Defendant objects on the grounds that the request calls
> for speculation as to the identity of any unidentified witnesses and
> the meaning of the undefined term "written statements."  Defendant
> objects that the request assumes facts no in evidence.  Defendant
> objects on the grounds that it seeks information that is part of
> defendant's personnel information and is therefore protected from
> disclosure by the official information privilege, constitutional right
> to privacy, and various state and federal statutes governing the
> confidentiality of peace officer records, California Government Code
> section 6254, and California Evidence Code sections 1040, 1041 and
> 1043.  See Declaration of E. Takehara asserting official-information
> privilege.  Defendant objects to the request to the extent it seeks
> documents protected under state and federal law, including the
> official-information privilege and Penal Code sections 832.7 and
> 832.8.  See Declaration of E. Takehara asserting official-information
> privilege.  Defendant objects insofar that the request implicates the
> attorney-client and work product privilege.
>
> Subject to and without waiving these objections, defendant will
> produce non-confidential, non-privileged responsive documents
> which are identified as AGO 0000001-AGO0000037.

16  (Id.)

17    In the motion to compel, plaintiff contends that the documents defendants provided in

18  response to request no. 1 are documents plaintiff voluntarily shared with defendants early in the

19  case.  (ECF No. 27 at 3.)

20    In the opposition, defendants contend that in the motion to compel, plaintiff fails to

21  identify any objections or privileges and simply states that the documents produced were not the

22  documents he sought.  (ECF No. 28 at 11.)  Defendants contend that the possible confusion about

23  what documents were sought compared to what was produced could have been resolved had

24  plaintiff informally conferred with defendants before filing the motion to compel.  (Id. at 12.)

25    At the outset, the undersigned observes that "[b]oilerplate objections do not suffice."

26  Thomas v. Reyna, 2021 WL 5331270, at *1 (E.D. Cal. Nov. 16, 2021) (citing Fed. R. Evid.

27  34(b)(2)(B), (C); Burlington N. & Santa Fed R.R. Co. v. U.S. Dist. Ct. for the Dist. Of Mont., 408

28  F.3d 1142, 1149 (9th Cir. 2005)).  "A recitation that the discovery request is 'overly broad,

1  burdensome, oppressive and irrelevant' is not adequate to voice a successful objection."

2  Fosselman v. Caropreso, 2011 WL 999549, at *4 (N.D. Cal. Mar. 18, 2011) (citing Josephs v.

3  Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982).  The party objecting to a request for production

4  must show specifically that the request is not relevant, overly broad, burdensome, or oppressive.

5  Fosselman, 2011 WL 999549, at *4 (citing Josephs, 677 F.2d at 992).  The objecting party must

6  "state with specificity the grounds for objecting to the request, including the reasons."  Fed. R.

7  Civ. P. 34(b)(2)(C).

8         Defendants objections to request no. 1 contain several boilerplate objections.  For this

9  reason, the undersigned is not persuaded by defendants' argument that the motion to compel

10  should be denied based on plaintiff's failure to address the improper boilerplate objections.

11         Documents created during the PREA investigation conducted as a result of plaintiff's

12  allegations are relevant to plaintiff's claims.  Accordingly, the undersigned next addresses the

13  privileges raised in the privilege log defendants served on plaintiff regarding request no. 1.  The

14  privilege log asserted the following privileges:  1) third-party privacy; 2) official information;

15  3) California Government Code § 6524; and 4) California Code of Regulations, Title 15,

16  § 3321(a)(1) and (2).  (ECF No. 28-2 at 16-17.)

17         "State privilege doctrine, whether derived from statutes or court decisions, is not binding

18  on federal courts in these kinds of cases."  Kelly v. City of San Jose, 114 F.R.D. 653, 655 (N.D.

19  Cal. 1987).  Accordingly, the undersigned need not address the two privileges asserted in the

20  privilege log based on California law.

21         Federal common law recognizes a qualified privilege for official information.  Kerr v,

22  U.S. District Court, 511 F.2d 192, 198 (9th Cir. 1975).  In determining what level of protection

23  should be afforded by this privilege, courts conduct a case-by-case balancing analysis, in which

24  the interests of the party seeking discovery are weighed against the interests of the governmental

25  entity asserting the privilege.  Soto v. City of Concord, 162 F.R.D. 603, 613–14 (N.D. Cal. 1995).

26  The balancing test "is moderately pre-weighted in favor of disclosure."  Kelly, 114 F.R.D. at 661.

27  However, before a court will engage in this balancing of interests, the party asserting the privilege

28  must properly invoke the privilege by making a "substantial threshold showing."  Soto, 162

F.R.D. at 613.  The privilege "must be formally asserted and delineated in order to be raised properly," and the party opposing disclosure must "state with specificity the rationale of the claimed privilege."  Kerr, 511 F.2d at 198.

In order to fulfill the threshold requirement, the party asserting the privilege must submit a declaration or affidavit from a responsible official with personal knowledge of the matters to be attested to in the affidavit.  Id.  "The claiming official must 'have seen and considered the contents of the documents and himself have formed the view that on grounds of public interest they ought not to be produced' and state with specificity the rationale of the claimed privilege."  Kerr, 511 F.2d at 198.  The affidavit must include: "(1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made."  Soto, 162 F.R.D. at 613 (quoting Kelly, 114 F.R.D. at 670).

The party resisting discovery must specifically describe how disclosure of the requested information in that particular case would be harmful.  Soto, 162 F.R.D. at 613-14.  If the opposing party fails to meet the threshold burden requirement of establishing cause to apply the privilege, the privilege will be overruled.  Chism v. County of San Bernardino, 159 F.R.D. 531, 533 (C.D. Cal. 1994).  Ordinarily, a "party asserting an evidentiary privilege has the burden to demonstrate that the privilege applies to the information in question."  Tornay v. United States, 840 F.2d 1424, 1426 (9th Cir. 1988) (citing United States v. Hirsch, 803 F.2d 493, 496 (9th Cir. 1986)); In re Roman Catholic Archbishop of Portland in Oregon, 661 F.3d 417, 424 (9th Cir. 2011) (explaining that "the party opposing disclosure has the burden of establishing that there is good cause to continue the protection of the discovery material").

Defendants refer to the declaration of E. Takehara, the Litigation Coordinator at CHCF, in support of their claim for invocation of the official information privilege.  In relevant part, E.

Takehara states that he was informed by the Attorney General's Office that plaintiff requested the documents sought in request no. 1.  (ECF No. 28-2 at 20.)  E. Takehara states that he reviewed or is familiar with the documents and information that may be responsive to all of plaintiff's requests, including request no. 1.  (Id.)  E. Takehara states that the requested documents cannot be disclosed for the following reasons:

I.      Case Factors

6.  Plaintiff Craig Richard (CDCR No. J-36916) is a California state prisoner who was received by CDCR in 1989.  He is currently serving sentences for multiple robbery counts and possession of a controlled substance and conspiracy in prison.  Richard has an extensive substance abuse related criminal history.  During his incarceration, Richard has a history of aggression and has engaged in several instances of violent behavior.  In 2014, Richard was found guilty of possession of a controlled substance in prison and conspiracy after engaging in a conspiracy with other inmates and a former CDCR employee to smuggle drugs, cellular phones and other contraband into the facility.  Richard has engaged in several rights with other inmates, once as recently as October 2020.  Despite receiving several additional years to his sentence due to his 2014 charges, Richard was found to be in possession of marijuana on October 23, 2019.  Richard has been placed on administrative segregation several times due to various rules violations.  As of 2020, Richard was deemed a high escape risk due to his disciplinary history, commitment offense and gang history.  His earliest control date for parole is July 8, 2027.

II.  Documents Deemed Confidential Including PREA Investigation Documents and Facility Video Footage.

7.  I am informed that several of Richard's document requests implicate documents created during a Prison Rape Elimination Act ("PREA") investigation conducted as a result of Richard's allegations.  The documents are classified as confidential under Code of Regulations, Title 15, Section 3321(a)(1) and (2), and would endanger the safety of persons within the prison and jeopardize the security of the institution if disclosed.  These confidential documents are protected from disclosure because they provide information about procedures and techniques used during prison emergencies and when investigating criminal activities.  These documents also can contain confidential statements by third-parties, including CDCR staff and other inmates, whose safety might be at risk if their identity or statements were known.  For example, if an inmate is questioned and his statement does not "support" another inmate's version of events, the inmate who made the statement may suffer physical retaliation either directly or through other inmates if his statement is not kept confidential.  Moreover, an officer who gives a different version of events may also become the subject of possible assault by one or more inmates if the officer's statement is not kept confidential.  In addition, disclosure of the investigative report alerts inmates as to

the procedures employed in investigating staff complaints, and this can undermine the investigative process.

8. Further, CDCR considers PREA investigative documents to be confidential. This confidentiality designation allows CDCR to conduct evaluative and corrective investigations without apprehension that such internal checks and balances will be freely disseminated and used against the Department and its personnel. The confidentiality promotes honesty and cooperation from witnesses to any investigated conduct from the personnel being investigated. This cooperation, in turn, assists CDCR in correcting personnel problems and maintaining the safety and security of the institutions.

9. For these reasons, PREA investigative documents cannot be distributed to inmates, including Richard.

(Id. at 21-22.)

In his declaration, E. Takehara also discusses why a protective order is not appropriate. (Id. at 25.)

Based on the privilege log and declaration of E. Takehara, the undersigned finds that defendants made the substantial threshold showing that the PREA investigation documents should not be disclosed to plaintiff based on the security concerns discussed in the Takehara declaration. The undersigned must now review the documents created during the PREA investigation in order to determine whether a carefully crafted protective order could protect the security interests discussed in the Takehara declaration. Accordingly, defendants are ordered to electronically submit the documents created during the PREA investigation to the court for in camera review. After reviewing these documents, the undersigned will issue a final order regarding plaintiff's access to these documents.

Defendants also argue that the PREA investigation documents should not be disclosed because disclosure would violate the privacy interests of third parties. The undersigned will consider the privacy concerns raised by defendants during the in camera review of the PREA documents.

*Request Nos. 2, 3, 4*

Request no. 2 sought, "Moving video footage/video recording of CHCB E1B correctional officer's desk area and cell areas (all) on the 9th day of September 2020 between 4:00-4:30 p.m." (ECF No. 28 at 7.)

1    Request no. 3 sought, "Moving video footage/recording of CHCF unit E1 kitchen pantry

2  area on the 9th-13th day of September, 2020 between 5:00 p.m-6:00 p.m." (Id.)

3    Request no. 4 sought, "Moving video footage/recording of CHCF unit E1B officer's desk

4  and cell areas (all) on the 29th day of September, 2020 between 3:00 p.m.-3:40 p.m." (Id.)

5    Defendants provided the following response to request nos. 2, 3 and 4:

6      Defendant objects on the grounds that this request is compound.
    Defendant objects on the grounds that the request is vague and
7      overbroad.  Defendant objects on the grounds that this request seeks
    information that is not relevant to any party's claims or defenses, and
8      therefore is not proportional to the needs of the case.  Defendant
    objects on the ground that the request assumes facts not in evidence.
9      Due to the subject matter of this request, documents deemed
    confidential may be responsive, the disclosure of which would create
10     a hazard to the safety and security of the institution, prison officials,
    and inmates, and violate privacy rights afforded to prison officials
11     and inmates, and violate privacy rights afforded to prison officials
    and inmates.  See Declaration of E. Takehara asserting official
12     information privilege.  Defendant objects insofar that the request
    implicates the attorney-client and work product privilege.  Defendant
13     objects that the request violates the privacy rights of third parties.

14     Subject to and without waiving these objections, defendant cannot
    produce the requested recordings because, following a diligent
15     search and reasonable inquiry, the requested recordings do not exist.

16  (Id. at 7-8.)

17    In the complaint, plaintiff generally alleges that defendant Joseph harassed him during

18  August-September 2020.  However, plaintiff alleges only two specific incidents of harassment.

19  Plaintiff alleges that on September 2, 2020, defendant Joseph harassed him.  Plaintiff describes a

20  second incident occurring between September 8-13, 2020, between 5-6:00 p.m. in the building

21  kitchen.  Plaintiff also alleges that on September 29, 2020, he approached defendant Joseph at his

22  desk and asked defendant Joseph to leave him alone.  Plaintiff alleges that this encounter was

23  captured on video.

24    In request no. 2, plaintiff seeks video from September 9, 2020.  Because the complaint

25  contains no specific allegations regarding an incident on September 9, 2020, the undersigned

26  finds that the video sought in request no. 2 is not relevant to this action.  Accordingly, the motion

27  to compel as to request no. 2 is denied.

28  ////

9

Request no. 3 seeks video regarding the second alleged incident of harassment.  Request no. 4 seeks video regarding the alleged discussion between plaintiff and defendant Joseph on September 29, 2020.  Defendants' objections that request nos. 3 and 4 are compound, vague and not relevant are without merit.

In his declaration. E. Takehara states that despite a diligent search and reasonable inquiry, the requested video footage does not exist.  (ECF No. 28-2 at 22.)  E. Takehara states that even if the video footage existed, it could not be disclosed because providing an inmate footage of the inside of the facility can present a security risk as such footage can provide an inmate with logistical information that can be used to assault CDCR personnel and other inmates, smuggle or hide contraband or become aware of security measures.  (Id.)

In his reply to the opposition, plaintiff alleges that he asked prison officials to preserve the video footage sought in request nos. 3 and 4.  Plaintiff also attaches to his reply a memorandum dated July 18, 2018, from the California Health Care Facility ("CHCF"), where the alleged incidents occurred.  (ECF No. 30 at 20-25.)  This memorandum addresses an Audio/Video Surveillance System ("AVSS") at CHCF.  (Id. at 20.)  This memorandum lists events that staff are required to preserve the recorded data for a longer period as potential evidence in an investigation, an administrative, civil or criminal proceedings.  (Id. at 21.)  Sexual assault allegations and staff misconduct are included in this list of events.  (Id.)  This memorandum states that at the completion of the hearing/review, the discs will be returned to the Disciplinary Officer.  (Id. at 23.)  Control and tracking of these discs shall be maintained for six months.  (Id.)  At the completion of this time frame, the discs will be returned to ISU and destroyed.  (Id.)

Federal Rule of Civil Procedure 26(g)(1) requires parties responding to discovery requests to certify that the response is accurate and complete to the best of the party's knowledge after a reasonable inquiry.  "A party must make a reasonable inquiry to determine whether responsive documents exist, and if they do not, the 'party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence.'"  Rogers v. Giurbino, 288 F.R.D. 469, 485 (S.D. Cal. Dec. 19, 2012) (quoting Marti v. Baires, 2012 WL 2029720, at *19-20 (E.D. Cal. June 5, 2012)).

1    Defendants are ordered to supplement their response to request nos. 3 and 4 with

2 sufficient detail on the search efforts undertaken for the requested videos.[2]

3    *Request No. 5*

4    Request no. 5 sought, "All documents supporting defendant's claims that defendant's did

5 not violate plaintiff's rights under the 8th amendment to the United States Constitution." (ECF

6 No. 28-2 at 9.)

7    Defendants responded,

> Defendant objects on the grounds that this request is compound.
> Defendant objects on the grounds that the request is vague and
> overbroad.  Defendant objects on the grounds that the request calls
> for speculation as to documents of which whose existence defendants
> cannot be aware.  Defendant objects on the grounds that the request
> assumes facts not in evidence.  Defendant objects to this request on
> the grounds that it seeks information that is part of defendant's
> personnel information and is therefore protected from disclosure by
> the official information privilege, constitutional right to privacy, and
> various state and federal statues governing the confidentiality of
> peace officer records, California Government Code section 6234 and
> California Evidence Code sections 1040, 1041 and 1043.  <u>See</u>
> Declaration of E. Takehara asserting official information privilege.
> Defendant objects to the request to the extent it seeks documents
> protected under state and federal law, including the official-
> information privilege and Penal Code sections 832.7 and 832.8.  <u>See</u>
> Declaration of E. Takehara asserting official-information privilege.
> Defendant objects insofar that the request implicates the attorney-
> client and work product privilege.
>
> Subject to and without waiving these objections, defendant will
> produce non-confidential, non-privileged responsive documents
> which are identified as AGO 0000001-AGO 0000037.

20 (<u>Id.</u> at 9-10.)

21    In the motion to compel, plaintiff argues that request no. 5 is relevant to his claims

22 because defendants' counsel claims that defendants deny all claims brought against them.  (ECF

23 No. 27 at 6.)  In the opposition, defendants contend that plaintiff failed to address their objections.

24 (ECF No. 12.)  In the reply, plaintiff argues that he has a right to any and all information that

25 defendants possess.  (ECF No. 30 at 10.)

26

27 [2]  Based on defendants' representation that the requested videos cannot be located, the
undersigned need not address the privileges raised by defendants regarding the videos in the
28 privilege log.

1    The undersigned finds that request no. 5 is vague and overbroad.[3]  On these grounds, the

2  motion to compel as to request no. 5 is denied.[4]

3    *Request No. 6*

4    Request no. 6 sought, "Any and all documents pertaining to defendant's Joseph and

5  Spaulding disciplinary history within the last five years."  (ECF No. 27 at 16.)

6    Defendants responded,

7
8
> Defendant objects on the grounds that this request is compound.
> Defendant objects on the grounds that the request is vague and
> overbroad.  Defendant objects on the grounds that this request seeks
> information that is not relevant to any party's claims or defenses, and
> therefore is not proportional to the needs to the case.  Defendant
> objects on the grounds that the request assumes facts not in evidence.
> Defendant objects to this request on the grounds that it seeks
> information that is part of defendant's personnel information and is
> therefore protected from disclosure by the official information
> privilege, constitutional right to privacy, and various state and federal
> statutes governing the confidentiality of peace officer records,
> California Government Code section 6254, and California Evidence
> Code sections 1040, 1041 and 1043.  See Declaration of E. Takehara
> asserting official-information privilege.  Defendant objects to the
> request to the extent it seeks documents protected under state and
> federal law, including the official-information privilege and Penal
> Code sections 832.7 and 832.8.  See Declaration of E. Takehara
> asserting official-information privilege.  Defendant objects insofar
> that the request implicates the attorney-client and work product
> privilege.  Defendant further objects on the grounds that the Request
> requests documents concerning co-defendant Spaulding who is not
> subject to this request.

9
10
11
12
13
14
15
16
17
18

19  (Id. at 16-17.)

20    Request no. 6 is overbroad because not every document pertaining to defendants'

21  disciplinary history within the last five years is relevant to this action.  On these grounds, the

22  motion to compel as to request no. 6 is denied.[5]

23  ////

24  _____

25  [3]  Request no. 5 is vague and overbroad because, for example, it potentially encompasses
documents such as medical and/or mental health records.  Request no. 5 could also include all
26  documents filed by defendants in this action.

27  [4] The undersigned need not reach the other objections raised by defendants.

28  [5]  The undersigned need not address the other objections raised by defendants.

1    *Request No. 7*

2          Request no. 7 sought, "Any and all sexual misconduct complaints filed against defendants

3    Joseph and Spaulding within the last five years including but not limited to CDCR 602

4    appeals/grievances or lawsuits."  (ECF No. 27 at 25.)

5          Defendants responded,

6                Defendants object on the grounds that this request is compound.
                Defendants object on the grounds that the request is vague and
7                overbroad.  Defendant objects on the grounds that this request seeks
                information that is not relevant to any party's claims or defenses, and
8                therefore is not proportional to the needs to the case.  Defendant
                objects on the ground that the request assumes facts not in evidence.
9                Defendant objects to this request on the grounds that it seeks
                information that is part of defendant's personnel information and is
10               therefore protected from disclosure by the official information
                privilege, constitutional right to privacy and various state and federal
11               statutes governing the confidentiality of peace officer records,
                California Government Code section 6254, and California Evidence
12               Code sections 1040, 1041 and 1043. See Declaration of E. Takehara,
                asserting official-information privilege.  Defendant objects to the
13               request to the extent it seeks documents protected under state and
                federal law, including the official-information privilege and Penal
14               Code section 832.7 and 832.8.  See Declaration of E. Takehara
                asserting official-information privilege.  Defendant further objects
15               on the grounds that the request requests documents concerning co-
                defendant Spaulding who is not subject to this request.

16

17   (Id.)

18         Plaintiff does not allege that defendant Spaulding sexually harassed plaintiff.  Therefore,

19   evidence regarding prior sexual misconduct complaints against defendant Spaulding is not

20   relevant to plaintiff's claims against defendant Spaulding.  Accordingly, the motion to compel

21   defendant Spaulding to provide a further response to request no. 7 is denied.

22         "Complaints against officers ... may show, among other things, the character or proclivity

23   of such officers toward violent behavior or possible bias."  See Taylor v. Los Angeles Police

24   Department, 1999 WL 33101661, at *4 (C.D.Cal.1999).  "Further, complaints and/or disciplinary

25   action 'may help establish a pattern or practice ... where professional conduct is called into

26   question. Further, such documents would bear upon ... [a defendant's] notice of ... previous

27   alleged misconduct.'"  Taylor v. O'Hanneson, 2014 WL 2696585, at *5 (E.D. Cal. June 14, 2014)

28   (quoting Ramirez v. County of Los Angeles, 231 F.R.D. 407, 412 (C.D. Cal. 2005)).

"Moreover, admissibility of character evidence is a proper objection to be raised at trial, but not necessarily in the discovery phase." Id. "However, even at trial, evidence that would be inadmissible to prove one's character, may be admissible for other purposes." Id.

The information plaintiff seeks in request no. 7 is relevant as to plaintiff's claims against defendant Joseph. However, as phrased, request no. 7 is vague because, other than inmate grievances and lawsuits, it is unclear what types of complaints alleging sexual misconduct against defendant Joseph plaintiff seeks. Accordingly, the undersigned finds that request no. 7 seeks all complaints filed in court and inmate grievances submitted against defendant Joseph within the past five years alleging sexual misconduct.

The undersigned next addresses the privileges raised in the privilege log defendants served on plaintiff regarding request no. 7. The privilege log asserted the following privileges: 1) third-party privacy; 2) official information; 3) California Government Code § 6524; 4) California Evidence Code sections 1040 and 1043. (ECF No. 28-2 at 16.)

"State privilege doctrine, whether derived from statutes or court decisions, is not binding on federal courts in these kinds of cases." Kelly v. City of San Jose, 114 F.R.D. 653, 655 (N.D. Cal. 1987). Accordingly, the undersigned does not address the two privileges asserted in the privilege log based on California law.

The undersigned next considers defendants' argument that the complaints sought in request no. 7 should not be disclosed based on the official information privilege.

Defendants refer to the declaration of E. Takehara, the Litigation Coordinator at CHCF, in support of their claim for invocation of the official information privilege. In relevant part, E. Takehara states that he was informed by the Attorney General's Office that plaintiff requested "any and all sexual misconduct complaints filed against defendant Joseph…within the last five years including but not limited to CDCR 602 appeals/grievances or lawsuits." (ECF No. 28-2 at 20.) E. Takehara states that he reviewed or is familiar with the documents and information that may be responsive to all of plaintiff's requests, including request no. 7. (Id.) E. Takehara states that the requested documents cannot be disclosed for the following reasons:

////

14

III. Records of Complaints, Grievances, Discipline or Investigation

11.  I am informed that Richards requests all documents relating to defendant Joseph's and defendants Spaulding's disciplinary history, including sexual misconduct complaints, before and during their employment with CDCR and other information that may be contained in defendants' personnel files.

12.  First, disclosure of personnel material reveals investigative-technique information.  In addition, to the risks set forth above, to permit an inmate to review such materials would be like handing over the inmate a plan instructing him on how to best falsify misconduct accusations against an officer so that the untruthfulness of the allegations will be less likely to be discovered during the investigative process, thereby resulting in a potentially unmerited adverse action against the officer.  By virtue of being familiar with these investigative techniques and the areas of inquiry, an inmate, such as Richard or anyone he discloses this information to, could use that information in more successfully fabricating future complaints of officer misconduct or otherwise manipulating the inquiry process.  CDCR employees are routinely subject to false accusations of misconduct, and information allowing for more highly detailed accusations is in high demand by prisoners.

13.  Second, CDCR considers personnel documents to be confidential.  This confidentiality designation allows CDCR to conduct evaluative and corrective investigations without apprehension that such internal checks and balances will be freely disseminated and used against the Department and its personnel.  The confidentiality promotes honesty and cooperation from witnesses to any investigated conduct from the personnel being investigated.  This cooperation, in turn, assists CDCR in correcting personnel problems and maintaining the safety and security of the institutions.

14.  Third, disclosure of staff personnel information is strictly prohibited to protect staff and their families from assault, harassment, retaliation, or other improperly motivated harm, including violent attacks and perhaps death.  Specifically, an inmate could harass correctional staff by displaying personnel records in his cell or by discussing his possession of these records otherwise deemed strictly confidential under California law.  This could impair staff authority, reduce staff effectiveness in controlling the inmate population, and substantially undermine staff's ability to control violent disturbances effectively, and with minimal force.  Further, if correctional staff believe Richard or any other inmate making such claims have contraband or material that could threaten institutional safety or security, then staff may be forced to investigate.  This could disrupt normal prison activity and redirect staff, including staff with other critical responsibilities.  Releasing private personnel information about correctional staff would undermine their authority and interfere with their ability to do an already difficult job. Prisoners in California correctional facilities are routinely subject to intense pressure from other inmates, including prison gang members, to disclose private information they may learn about form others, including CDCR staff.  Inmates who obtain confidential information

15

are at risk from other inmates who may use force to obtain it, endangering the security of CDCR institutions and the safety of other inmates and staff.

15.     Finally, the responsive personnel material may contain information about inmates other than Richard.  The disclosure of information about another inmate to Richard could allow that other inmate to be targeted or allow Richard to be targeted by others for harassment, assaults and even death.  This, in turn, jeopardizes the safety and security of staff and the institution who must respond to and resolve inmate disturbances.  Further, disclosure of such documents violates California Code of Regulations, title 15, section 3370(b), which states in relevant part:  "no inmate or parolee shall have access to another's case records, files, unit health records or component thereof."

16.  The threat posed by disclosure is substantial.

17.  The risk is enhanced in this case because Richard's case factors, which I discuss in Section I above.  Specifically, Richard has a history of committing crimes both before and during incarceration.  He has a history of aggression and has engaged in several violent fights with other inmates, as recently as in October 2020, and was found guilty of conspiracy to smuggle contraband into the facility in 2014 which presents a serious security risk to the facility.  Despite having several years added to his sentence for engaging in that conspiracy, Richard has since been found wit contraband and engaged in more fights.

18.  I do not believe that a carefully crafted protective order would eliminate the aforementioned substantial risks of harm to either the significant government or privacy interests at stake.   I discuss the adequacy of a protective order in Section IV below.

(ECF No. 28-2 at 22-24.)

In request no. 7, plaintiff seeks copies of complaints and grievances alleging sexual misconduct by defendant Joseph filed or submitted during the past five years.  In the section of his declaration set forth above addressing "Records of Complaints, Grievance, Discipline or Investigation," E. Takehara does not specifically identify a governmental or privacy interest that would be threatened by disclosure of grievances and/or complaints filed in court against defendant Joseph alleging sexual misconduct.  The documents sought in request no. 7 do not appear to concern the personnel material discussed by E. Takehara in the section of his declaration set forth above.  E. Takehara does not specially address grievances and complaints in his declaration.  Accordingly, the undersigned finds that defendants have not met the threshold

16

1   burden of establishing cause to apply the official information privilege.

2   Defendants also argue that disclosure of the grievances and complaints would violate the

3   privacy interests of third parties.  However, defendants do not specifically address the privacy

4   concerns raised in the privilege log.  Defendants' privacy concerns regarding the grievances and

5   complaints can be addressed with redaction of the identifying information.  See Ramirez v.

6   Gutierrez, 2021 WL 4776332, at *6 (S.D. Cal. Oct. 12, 2021) (citing Lamon v. Adams, 2010 WL

7   4513405, at *3-4 (E.D. Cal. Nov. 2, 2010) (ordering redaction of the names of the inmates who

8   filed grievances against correctional officer before documents were provided to plaintiff); Eusse

9   v. Vitela, 2015 WL 9008634, at *4 (S.D. Cal. Dec. 14, 2015) (noting defendants' privacy

10  concerns and ordering that "the names and identifying information of the individuals who made

11  the complaints, as well as other officers who were not involved in the incident, may be

12  redacted."); Thompson v. Morales, 2008 WL 413757, at *1 (E.D. Cal., Feb. 13, 2008) ("Privacy

13  concerns, if any, may be addressed by redaction of names, CDC numbers, and other identifying

14  information, should the defendants be required to produce documents responsive to this

15  request.").  For the reasons set forth above, defendants' request that the grievances and

16  complaints be withheld on the basis of a privacy concern is denied.

17  Accordingly, within thirty days of the date of this order, defendants shall provide plaintiff

18  with redacted copies of grievances submitted within the past five years alleging sexual

19  misconduct by defendant Joseph.  Within thirty days of the date of this order, defendants shall

20  provide plaintiff with copies of complaints filed in court within the past five years alleging sexual

21  misconduct by defendant Joseph *in actions where defendant Joseph was represented by counsel.*

22  Although not specifically addressed by defendants, the undersigned finds that requiring

23  defendants to search for complaints alleging sexual misconduct by defendant Joseph that were not

24  served on defendant Joseph is overburdensome.

25  In the grievances and complaints provided to plaintiff, defendants may redact names,

26  CDC numbers and other identifying information.  The undersigned also clarifies that plaintiff

27  requests only complaints and grievances.  Therefore, defendants need not provide plaintiff with

28  other records that may be related to these documents.

1     *Request No. 9*

2          Request no. 9 sought, "Any and all reported misconduct from CHCF where both

3     defendant's Joseph and Spaulding are employed and/or any other agencies where said defendant's

4     have been employed." (ECF No. 27 at 18.)

5          Defendants responded,

6                    Defendant objects on the grounds that this request is compound,
                     vague and overbroad.  Defendant objects on the grounds that the
7                    request calls for speculation.  Defendant objects on the grounds that
                     this request seeks information that is not relevant to any party's
8                    claims or defenses and is therefore not proportional to the needs to
                     the case.  Defendant objects on the ground that the request assumes
9                    facts no in evidence.  Defendant objects on the grounds that the
                     request seeks documents that are not in his power or control.
10                   Defendant objects to this request on the grounds that it seeks
                     information that is part of defendant's personnel information and is
11                   therefore protected from disclosure by the official information
                     privilege, constitutional right to privacy, and various state and federal
12                   statutes governing the confidentiality of peace officer records,
                     California Government Code section 6254, and California Evidence
13                   Code sections 1040, 1041 and 1043.  See Declaration of E. Takehara
                     asserting official-information privilege.  Defendant objects to the
14                   request to the extent it seeks documents protected under state and
                     federal law, including the official-information privilege and Penal
15                   Code sections 832.7 and 832.8.  See Declaration of E. Takehara
                     asserting official-information privilege.  Defendant further objects
16                   on the grounds that the request requests documents concerning co-
                     defendant Spaulding who is not subject to this request.
17

18    (Id. at 18-19.)

19          As phrased, request no. 9 is difficult to understand.  It appears that plaintiff requests all

20    reports of misconduct made against defendants Joseph and Spaulding at CHCF "or any other

21    agencies" where defendants were employed.  Request no. 9 is overbroad in that not every report

22    of misconduct made against defendants is relevant to this action.  On these grounds, the motion to

23    compel as to request no. 9 is denied.[6]

24          *Request for Sanctions*

25          Plaintiff requests that defendants' be sanctioned based on their response to his request for

26    production of documents.  The undersigned finds that sanctions are not warranted.  Plaintiff's

27

28    [6]   The undersigned need not address defendants' other objections.

1   request for sanctions is denied.

2   IV.  Plaintiff's Motion for Extension of Time to Conduct Discovery

3         *Legal Standard*

4         Federal Rule of Civil Procedure 16(b)(4) provides that, "[a] schedule may be modified

5   only for good cause and with the judge's consent."  Federal Rule of Civil Procedure 16's "'good

6   cause' standard primarily considers the diligence of the party seeking the amendment."  Johnson

7   v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

8         *Discussion*

9         Plaintiff filed his motion for extension of time to conduct discovery on February 11, 2022.

10  (ECF No. 29.)  The deadline to conduct discovery was February 18, 2022.  (ECF No. 22 at 5.)

11  All requests for discovery pursuant to Federal Rules of Civil Procedure 31, 33, 34 or 36 were due

12  not later than sixty days prior to that date, i.e., December 20, 2021.  (Id.)

13        In the pending motion, plaintiff alleges that he served defendants with interrogatories on

14  December 30, 2021.  (ECF No. 29 at 2.)  Plaintiff requests that the discovery deadline be

15  extended by forty-five days so that defendants may respond to the interrogatories served

16  December 30, 2021.  (Id.)  Plaintiff also requests that the discovery deadline be extended so that

17  he may serve defendants with requests for admissions based on their responses to the

18  interrogatories served December 30, 2021.  (Id.)  Plaintiff also requests that the discovery

19  deadline be extended so that he may file motions to compel, if needed, regarding defendants'

20  responses to the interrogatories and requests for admissions.  (Id.)

21        In the opposition to the pending motion, defendants argue that plaintiff has not shown

22  good cause to extend the discovery deadline.  (ECF No. 33.)  In the opposition, defendants also

23  state that on December 3, 2021, the parties met and conferred, and plaintiff agreed to extend the

24  deadline for defendants' responses to plaintiff's first set of written discovery to December 23,

25  2021.  (ECF No. 33-1 at 1-2.)  Defendants state that on December 30, 2021, plaintiff served

26  interrogatories on defendant Joseph.  (Id. at 2.)  On February 10, 2022, defendant Joseph served

27  responses to those interrogatories that contained objections and indicated that the interrogatories

28  were untimely.  (Id.)  On February 6, 2022, plaintiff served a second request for production of

1    documents on defendant Joseph.  (Id.)

2        In the reply to the opposition, plaintiff argues that due to COVID-19 precautions,

3    restrictions and prison staff shortages, law library access "has been scant at best making it almost

4    impossible to litigate cases discovery etc."  (ECF No. 34 at 2.)  Plaintiff alleges that COVID-19

5    quarantine orders hindered his ability to conduct timely discovery.  (Id.)   Plaintiff observes that

6    he granted defendants an extension of time to respond to his request for production of documents.

7    (Id. at 3.)

8        In the reply, plaintiff also contends that defendants responded to his initial discovery

9    requests "at the last possible date, stretching the discovery process purposely to cause undue

10    interference and complicate plaintiff's ability to conduct discovery."  (Id.)

11        While plaintiff alleges that he did not have adequate law library access due to restrictions

12    related to COVID-19, plaintiff does not describe these restrictions in any detail.  For example,

13    plaintiff provides no dates regarding when he was quarantined and denied law library access.  For

14    these reasons, the undersigned finds that plaintiff has not adequately demonstrated that

15    restrictions related to COVID-19 prevented him from serving timely discovery requests.

16        For the reasons stated herein, the undersigned finds good cause to deem the interrogatories

17    plaintiff served on December 30, 2021, timely.  Plaintiff appears to claim that he prepared the

18    interrogatories served on December 30, 2021, after receiving defendants' responses to his initial

19    discovery requests.  As discussed above, plaintiff granted defendants a brief extension of time to

20    respond to his initial discovery requests.  Although plaintiff should have requested an extension

21    of time to serve the interrogatories, these interrogatories were untimely by only ten days.  Plaintiff

22    also served the interrogatories seven days after receiving defendants' response to his initial

23    discovery requests.  The undersigned finds that plaintiff acted diligently in serving these

24    interrogatories.  Because defendants have responded to these interrogatories, plaintiff is granted

25    thirty days from the date of this order to file a motion to compel regarding the response to these

26    interrogatories, if appropriate.

27        The undersigned finds that plaintiff has not shown good cause to extend the discovery

28    deadline as to the request for production of documents served on February 6, 2022, and the

1    proposed request for admissions.  Plaintiff has not demonstrated that he acted diligently regarding

2    this proposed additional discovery.

3         Accordingly, IT IS HEREBY ORDERED that:

4         1.  Plaintiff's motion to compel (ECF No. 27) is denied as to request nos. 2, 5, 6 and 9;

5         2.  Within twenty-one days of the date of this order, defendants shall electronically

6             submit the PREA investigation documents, sought in request no. 1, for in camera

7             review to kjnorders@caed.uscourts.gov;

8         3.  Within twenty-one days of the date of this order, defendants shall file further briefing

9             addressing the search efforts undertaken to locate the videos sought in request nos. 3

10            and 4;

11        4.  Within thirty days of the date of this order, defendants shall provide plaintiff with

12            redacted copies of complaints and inmate grievances filed within the past five years

13            containing sexual misconduct allegations against defendant Joseph, sought in request

14            no. 7, as discussed above;

15        5.  Plaintiff's motion for an extension of time to conduct discovery (ECF No. 29) is

16            granted with respect to the interrogatories served December 30, 2021; plaintiff is

17            granted thirty days from the date of this order to file a motion to compel regarding the

18            responses to these interrogatories, if appropriate; plaintiff's motion for extension of

19            time to conduct additional discovery is denied in all other respects.

20   Dated:  April 27, 2022

21

22            KENDALL J. NEWMAN
              UNITED STATES MAGISTRATE JUDGE
23

Rich975.com

24

25

26

27

28

21