1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CRAIG RICHARD,                          No.  2: 21-cv-0975 KJN P

12                   Plaintiff,

13         v.                                  ORDER

14    JOSEPH, et al.,

15                   Defendants.

16

17         Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

18    to 42 U.S.C. § 1983.  In this order, the undersigned addresses the outstanding matters regarding

19    plaintiff's motion to compel.  (ECF No. 27.)  In addition, the undersigned addresses plaintiff's

20    request for reconsideration.  (ECF No. 36.)

21    Outstanding Matters re: Plaintiff's Motion to Compel

22         On April 27, 2022, the undersigned issued an order addressing plaintiff's motion to

23    compel.  (ECF No. 35.)  In relevant part, the undersigned ordered defendants to electronically

24    submit the Prison Rape Elimination Act ("PREA") investigation documents, sought in request no.

25    1, for in camera review.  (Id. at 21.)  The undersigned also ordered defendants to file further

26    briefing addressing the search efforts undertaken to locate the videos sought in request nos. 3 and

27    4.  (Id.)

28    ////

1

On May 18, 2022, defendants filed further briefing addressing the search efforts undertaken to locate the videos sought in request nos. 3 and 4.  (ECF No. 40.)  Defendants also electronically submitted the PREA investigation documents for in camera review.

For the reasons stated herein, plaintiff's motion to compel as to request nos. 1, 3 and 4 is denied.

*Plaintiff's Claims*

The April 27, 2022 order sets forth plaintiff's claims against defendants Joseph and Spaulding.  (ECF No. 35 at 2.)

*Request No. 1*

Request no. 1 sought, "All written statements of witnesses who confirm, deny, corroborate, or otherwise testify against the factors of the claims alleged in the complaint filed in this action if any."  (ECF No. 28-2 at 7.)

In the April 27, 2022 order, the undersigned construed request no. 1 as seeking documents created during the PREA investigation conducted as a result of plaintiff's allegations.  (ECF No. 35 at 4.)  The undersigned found, based on the privilege log and declaration of California Health Care Facility ("CHCF") Litigation Coordinator E. Takehara, that defendants made the substantial threshold showing that the PREA investigation documents should not be disclosed to plaintiff based on the security concerns discussed in the Takehara declaration.  (Id.)  The undersigned ordered defendants to submit the PREA investigation documents for in camera review in order for the undersigned to determine whether a carefully crafted protective order could protect the security interests discussed in the Takehara declaration.  (Id.)

As discussed above, defendants submitted the PREA investigation documents for in camera review.  After conducting an in camera review of these documents, the undersigned finds that a carefully crafted protective order cannot protect the security interests discussed in the Takehara declaration.  The undersigned finds that the PREA investigation documents should not be disclosed to plaintiff based on the security concerns discussed in the Takehara declaration.  Accordingly, plaintiff's motion to compel disclosure of the PREA investigation documents, contained in request no. 1, is denied.

1    *Request Nos. 3 and 4*

2          Request no. 3 sought, "Moving video footage/recording of CHCF unit E1 kitchen pantry

3    area on the 9-13th day of September 2020 between 5:00-6:00 p.m." (ECF No. 28 at 7.)  Request

4    no. 4 sought, "Moving video footage/recording of CHCF unit E1B officer's desk and cell areas

5    (all) on the 29th of September 2020, between 3:00 p.m.-3:40 p.m." (Id.)

6          Defendants responded that despite a diligent search and reasonable inquiry, the requested

7    video footage did not exist.  (ECF No. 35 at 10.)  The undersigned ordered defendants to

8    supplement their response to request nos. 3 and 4 with sufficient detail on the search efforts

9    undertaken for the requested videos.  (Id. at 11.)

10          On May 18, 2022, defendants filed supplemental briefing addressing the search efforts

11   undertaken for the requested videos.  (ECF No. 40.)  In a declaration attached to defendants'

12   supplemental briefing, E. Takehara states that the video footage sought in request nos. 3 and 4

13   does not exist because the areas from which the footage was requested were not captured by the

14   cameras.  (ECF No. 40-1.)  E. Takehara states that the video footage does not exist because "the

15   CHCF cameras [d]o not capture the area where the inmate alleges the incident occurred." (Id. at

16   3.)

17          Accordingly, plaintiff's motion to compel regarding request nos. 3 and 4 is denied because

18   the requested videos do not exist.

19   <u>Plaintiff's Request for Reconsideration (ECF No. 36)</u>

20          Plaintiff requests reconsideration of the order denying his motion to compel regarding

21   request no. 2.  (ECF No. 36.)  The request for reconsideration is addressed to the undersigned.

22   For the reasons stated herein, plaintiff's request for reconsideration is denied.

23          Request no. 2 sought, "Moving video footage/video recording of CHCB E1B correctional

24   officer's desk area and cell areas (all) on the 9th day of September 2020 between 4:00 and 4:30

25   p.m." (ECF No. 28 at 7.)  The undersigned denied plaintiff's motion to compel regarding request

26   no. 2 because plaintiff's complaint contained no specific allegations regarding an incident on

27   September 9, 2020.  (ECF No. 35 at 9.)

28   ////

3

In the request for reconsideration, plaintiff contends that in the complaint, he alleges that defendant Joseph sexually harassed plaintiff on September 2, 2020.  (ECF No. 36 at 3.)  In the request for reconsideration, plaintiff contends that in request no. 2, he requested video footage from September 2, 2020, and not September 9, 2020.  (Id. at 4.)  Plaintiff requests that the court forgive any error in dates and reverse the ruling and grant plaintiff's motion to compel as to request no. 2.  (Id. at 36.)

In the motion to compel, plaintiff stated that request no. 2 sought video footage from September 9, 2020.  (ECF No. 27 at 3.)  Plaintiff did not attach the request for production of documents containing request no. 2 to the motion to compel.  However, plaintiff attached defendants' response to his request for production of documents.  Defendants' response stated that request no. 2 sought video footage from September 9, 2020.  (Id. at 13.)

Plaintiff may not amend his original discovery request by way of a request for reconsideration of the order denying his motion to compel.  For this reason, plaintiff' request for reconsideration is denied.

Plaintiff's request for reconsideration is also denied because E. Takehara's declaration, filed May 18, 2022, makes clear that the CHCF unit E1B officer's desk and cell areas are not areas that were captured by cameras.  Therefore, the video footage that plaintiff claims he meant to request does not exist.  On these grounds, the motion for reconsideration is also denied.

Accordingly, IT IS HEREBY ORDERED that:

1.   Plaintiff's motion to compel (ECF No. 27) is denied as to request nos. 1, 3 and 4;

2.   Plaintiff's request for reconsideration (ECF No. 36) is denied.

Dated:  May 23, 2022

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Rich975.com(2)

4