UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG RICHARD, | No. 2: 21-cv-975 KJN P |
| Plaintiff, | |
| v. | ORDER |
| JOSEPH, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Several matters are pending before the court.

Plaintiff's Motion to Compel Prison Rape Elimination Act ("PREA") Documents

On January 20, 2022, plaintiff moved to compel, in part, a further response to request for production of documents no. 1. (ECF No. 27.) Request for production no. 1 sought documents created during a PREA investigation conducted as a result of plaintiff's allegations against defendant Joseph. (Id.)

On April 27, 2022, the undersigned ordered defendants to submit the PREA investigation documents sought in request no. 1 for in-camera review. (ECF No. 35.) On May 18, 2022, defendants submitted the PREA documents for in-camera review. After conducting an in-camera review of the PREA documents submitted on May 18, 2022, the undersigned denied plaintiff's

1

motion to compel disclosure of these documents by order filed May 23, 2022.  (ECF No. 41.)

On May 23, 2022, defendants submitted a more comprehensive set of PREA investigation documents.  Defendants informed the court that they recently became aware of the more comprehensive set of PREA documents.

The undersigned was not aware of the more comprehensive set of PREA investigation documents, submitted by defendants on May 23, 2022, when he issued the May 23, 2022 order.  Accordingly, the May 23, 2022 order denying plaintiff's motion to compel disclosure of the PREA investigation documents sought in request for production no. 1 is vacated.  The undersigned herein addresses the PREA investigation documents submitted by defendants on May 23, 2022.

In the April 27, 2022 order, the undersigned found, based on the privilege log and declaration of California Health Care Facility ("CHCF") Litigation Coordinator E. Takehara, that defendants made the substantial threshold showing that the PREA investigation documents should not be disclosed to plaintiff based on the security concerns discussed in the Takehara declaration.  (ECF No. 35 at 4.)  The undersigned ordered defendants to submit the PREA investigation documents for in-camera review in order for the undersigned to determine whether a carefully crafted protective order could protect the security interests discussed in the Takehara declaration.  (Id.)

The undersigned conducted an in-camera review of the PREA investigation documents submitted by defendants on May 23, 2022.  After reviewing these documents, it appears that granting plaintiff access to several of these documents will not impact the safety and security concerns discussed in the Takehara declaration.  Defendants are granted twenty-one days to resubmit all of these documents with proposed redactions.[1]  After reviewing the proposed redactions, the undersigned will issue a final order regarding plaintiff's access to these documents.

---

[1] It does not appear that AGO-0000038-0000073 require significant redactions.  Upon further review of AGO 0000074-AGO 0000079, in the context of the entire package of documents submitted by defendants on May 23, 2022, it appears that plaintiff also may be entitled to these documents with appropriate redactions.

Plaintiff's May 6, 2022 Motion to Compel (ECF No. 37)

On April 27, 2022, the undersigned granted plaintiff a thirty-days extension of time to file a motion to compel regarding interrogatories served on December 30, 2021.  (ECF No. 35.)  In granting plaintiff the extension of time to file a motion to compel, the undersigned was under the impression that defendants had responded to the interrogatories served on December 30, 2021.  (Id.)

In the motion to compel filed May 6, 2022, plaintiff contends that defendants failed to respond to the interrogatories served on December 30, 2021.  (ECF No. 37.)

On May 31, 2022, defendants filed an opposition to plaintiff's May 6, 2022 motion to compel.  (ECF No. 43.)  Defendants state that they initially served no factual responses to the December 30, 2021 interrogatories because they were not timely.  (Id.)  Defendants state that after the court deemed the December 31, 2021 interrogatories timely in the order filed April 27, 2022, defendants served plaintiff with responses to these interrogatories on May 27, 2022.  (Id.)

Good cause appearing, plaintiff's May 6, 2022 motion to compel is denied because defendants provided factual responses to the December 31, 2021 interrogatories on May 27, 2022.

Plaintiff's June 8, 2022 Motion to Compel (ECF No. 47)

*December 30, 2021 Interrogatories Addressed to Defendant Spaulding*

Plaintiff moves to compel further responses to the December 30, 2021 interrogatories, nos. 8-19, addressed to defendant Spaulding.  (ECF No. 47 at 4.)

In their opposition to the June 8, 2022 motion to compel, defendants first argue that the motion is untimely.  (ECF No. 52 at 4.)  Defendants argue that pursuant to the April 27, 2022 order, plaintiff had thirty days to file a motion to compel regarding the December 30, 2021 interrogatories.  Defendants argue that the pending motion is untimely because it was filed more than thirty days after April 27, 2022.  (Id.)

As discussed above, when the undersigned granted plaintiff thirty days to file a motion to compel on April 27, 2022, he was under the impression that defendants had previously served plaintiff with factual responses to the December 30, 2021 interrogatories.  Defendants served plaintiff with factual responses to the December 30, 2021 interrogatories on May 27, 2022.  Due

3

to this misunderstanding, the undersigned finds plaintiff's June 8, 2022 motion to compel is timely.

To put the motion to compel in context, the undersigned summarizes plaintiff's claims herein.

This action proceeds on plaintiff's complaint against defendants Correctional Officer Joseph and Sergeant Spaulding. In claim one, plaintiff alleges that during the months of August-October 2020, defendant Joseph sexually harassed/assaulted plaintiff and defendant Spaulding failed to intervene.

Plaintiff alleges that defendant Joseph propositioned plaintiff on several occasions and made derogatory comments. Plaintiff alleges that on September 2, 2020, defendant Joseph sexually harassed plaintiff at the officer's desk while defendant Spaulding stood within earshot. Plaintiff told defendant Joseph that he would report his conduct to defendant Spaulding if he did not leave plaintiff alone. Defendant Joseph responded that he did not care. Plaintiff told defendant Spaulding that defendant Joseph was harassing plaintiff in a sexual way. Defendant Spaulding hollered at plaintiff that he heard plaintiff use profane language toward his officer and plaintiff had nothing coming. Defendant Spaulding then told defendant Joseph to write plaintiff a rules violation report for being out of bounds. Defendant Joseph escorted plaintiff to his cell, making crude comments. Plaintiff alleges that this incident, which occurred between 4:00 and 4:30 p.m., was captured on the unit video camera.

Plaintiff alleges that between September 8-13, 2020, plaintiff entered the kitchen building between 5-6:00 p.m. Defendant Joseph entered the kitchen building right after plaintiff. Defendant Joseph made a lude comment and reached for plaintiff's penis.

Plaintiff later approached defendant Joseph at his desk and asked defendant Joseph to leave plaintiff alone. Defendant Joseph told plaintiff that he would stop when he says or he gets what he wants. Plaintiff was so upset that he punched his cell wall, injuring his hand. Plaintiff alleges that two mental health employees came to his cell and asked if he was alright. Plaintiff alleges that this entire incident occurred on September 29, 2020, and was captured on video.

////

Interrogatories nos. 8-19 addressed to defendant Spaulding seek information regarding an alleged incident between plaintiff and defendant Spaulding occurring on November 22, 2021. (ECF No. 47 at 20-27.)  Plaintiff contends that on November 22, 2021, defendant Spaulding asked plaintiff to take the shower curtain down so that he could see plaintiff naked.  (Id.)  Plaintiff contends that information regarding this incident is relevant to showing that defendant Spaulding retaliated against him for filing this action.  (Id. at 5.)

In the opposition, defendants contend that the information sought in interrogatories nos. 8-19 is not relevant to plaintiff's claims in this lawsuit.  (ECF No. 52 at 6.)  Defendants contend that this action proceeds on a claim that defendant Spaulding failed to intervene when defendant Joseph sexually harassed/assaulted plaintiff.  (Id.)  This action does not proceed on a claim that defendant Spaulding sexually harassed/assaulted plaintiff.  This action also does not proceed on a retaliation claim against defendant Spaulding, including a claim that defendant Spaulding retaliated against plaintiff on November 22, 2021.  (Id.)

The undersigned finds that the information sought in interrogatories nos. 8-19 is not relevant to the claims on which this action proceeds.  Federal Rule of Civil Procedure 26(b)(1) (discovery may be obtained to any nonprivileged matter that is relevant to any party's claims or defense and proportional to the needs of the case).  This action does not proceed on a retaliation claim against defendant Spaulding or a claim related to the alleged November 22, 2021 shower incident.

The undersigned observes that plaintiff separately filed a motion for a preliminary injunction alleging that defendant Spaulding retaliated against him for filing this action based on the November 22, 2021 shower incident and an incident involving plaintiff's receipt of medication on May 16, 2022.  (ECF No. 42.)  The undersigned ordered defendants to respond to plaintiff's motion for injunctive relief.  (ECF No. 44.)  That motion is pending.

Although the undersigned ordered defendants to respond to plaintiff's motion for injunctive relief, based on the alleged November 22, 2021 shower incident, plaintiff is not entitled to conduct discovery regarding this matter.  Fed. R. Civ. P. 26(b)(1).

////

For the reasons discussed above, plaintiff's motion to compel further responses to interrogatories nos. 8-19 addressed to defendant Spaulding is denied.

*Defendants' Response to Order to Provide Plaintiff with Redacted Copies of Complaints and Grievances*

On April 27, 2022, the undersigned ordered defendants to provide plaintiff with redacted copies of complaints and inmate grievances filed within the past five years containing sexual misconduct allegations against defendant Joseph, sought in request for production no. 7. (ECF No. 35.) In the supplemental response, defendants informed plaintiff that the documents sought in request no. 7 do not exist. In the June 8, 2022 motion to compel, plaintiff challenges defendants' supplemental response to request no. 7. (ECF No. 47 at 3.)

In the opposition, defendants argue that plaintiff's motion to compel regarding defendants' supplemental response to request no. 7 is untimely. (ECF No. 52.) Defendants argue that in the April 27, 2022 order, the undersigned granted plaintiff an extension of time only to file a motion to compel regarding the December 30, 2021 interrogatories. (Id.)

The April 27, 2022 did not preclude plaintiff from filing a motion addressing defendants' supplemental response to request no. 7. Good cause appearing, plaintiff's motion to compel regarding this matter is deemed timely.

Attached to plaintiff's motion to compel is defendants' supplemental response to request no. 7. In relevant part, defendants state that they cannot produce the requested documents because, following a diligent search and reasonable inquiry, the requested documents do not exist. (ECF No. 47 at 11.) Defendants state that their efforts to locate the documents are described in the declaration of S. DeJesus. (Id.)

Attached to plaintiff's motion to compel is the declaration of S. DeJesus, the Appeals Coordinator at the California Health Care Facility ("CHCF"). (Id. at 12-13.) In relevant part, S. DeJesus states that on May 23, 2022, he received a request from the Litigation Coordinator at CHCF, E. Takehara, to conduct a search of CHCF's systems to determine whether there had been any complaints or inmate grievances filed within the past five years containing sexual misconduct allegations against defendant Officer Joseph. (Id. at 13.) Based upon this five-year time window,

S. DeJesus searched both the Strategic Offender Management System ("SOMS") and the Inmate/Parolee Appeals Tracking System ("IATS") using Officer Joseph's identifying information. (Id.) From these systems, S. DeJesus was able to identify all grievances and complaints made against defendant Joseph in the past five years. (Id.) S. DeJesus reviewed this information and there were no grievances or complaints filed by inmates in the past five years, besides plaintiff's, alleging sexual misconduct against defendant Joseph. (Id.)

In the motion to compel, plaintiff argues that defendants do not deny that the documents sought in request no. 7 do not exist, but only that they cannot locate them. (Id. at 3.) Plaintiff attaches a declaration from inmate Joseph Harris who, plaintiff alleges, was also sexually harmed by defendant Joseph. (Id.) Plaintiff alleges that he (plaintiff) is "aware" that inmate Harris filed a complaint and grievance for sexual assault/harassment against defendant Joseph. (Id.)

In his declaration, inmate Harris states that shortly after defendant Joseph began working in the E1B section in early 2000, defendant Joseph created a sexually harassing environment for EOP inmates. (Id. at 15.) Inmate Harris states that on one occasion, defendant Joseph told one of his porters to, "shut his gay ass up." (Id.) Inmate Harris states that on February 18, 2021, defendant Joseph encouraged his porters to sexually disrespect and harass inmate Harris. (Id.) This harassment consisted of making sexual physical gestures while defendant Joseph looked on, laughing. (Id.) In his declaration, inmate Harris does not state that he filed a complaint and/or grievance against defendant Joseph based on sexual harassment. (Id.)

The undersigned finds that the declaration of Appeals Coordinator DeJesus demonstrates that defendants made a reasonable and diligent search for complaints and grievances containing sexual misconduct allegations against defendant Joseph. Coppola v. Smith, 2016 WL 726903, at *2 (E.D. Cal. Feb. 23, 2016) (in responding to discovery requests, party must make a reasonable inquiry and use due diligence). The undersigned cannot order defendants to produce documents that do not exist.

The undersigned also finds that the declaration of inmate Harris does not demonstrate that defendants failed to make a reasonable and diligent search for the requested documents. In his declaration, inmate Harris does not state that he filed a complaint and/or grievance against

defendant Joseph.  Plaintiff's claim that he is "aware" that inmate Harris filed a complaint and grievance against defendant Joseph is not supported by inmate Harris's declaration.

For the reasons discussed above, plaintiff's motion to compel challenging the adequacy of defendants' supplemental response to request no. 7 is denied.

<u>Plaintiff's Motion to File a Reply (ECF No. 48)</u>

On May 31, 2022, the undersigned ordered defendants to respond to plaintiff's motion for injunctive relief.  (ECF No. 44.)  Pending before the court is plaintiff's June 8, 2022, motion for leave to file a reply to defendants' response to his motion for injunctive relief.  (ECF No. 48.)

On July 8, 2022, defendants filed an opposition to plaintiff's motion for injunctive relief.  (ECF No. 58.)  On July 20, 2022, plaintiff filed a reply to defendants' opposition.  (ECF No. 59.)

Good cause appearing, plaintiff's motion to file the reply is granted and the reply is deemed timely filed.

Accordingly, IT IS HEREBY ORDERED that:

1. The May 23, 2022 order denying plaintiff's motion to compel a further response to request no. 1 (ECF 41) is vacated;
2. Within twenty-one days of the date of this order, defendants shall electronically submit the PREA investigation documents, submitted May 23, 2022, with proposed redactions, to kjnorders@caed.uscourts.gov;
3. Plaintiff's motions to compel (ECF Nos. 37, 47) are denied;
4. Plaintiff's motion to file a reply (ECF No. 48) is granted.

Dated:  July 27, 2022

*Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Rich975.ord(2)