UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG RICHARD, | No. 2: 21-cv-0975 KJN P |
| Plaintiff, | |
| v. | ORDER |
| JOSEPH, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for sanctions. (ECF No. 54.) For the reasons stated herein, plaintiff's motion for sanctions is denied.

Background

*Plaintiff's Claims*

This action proceeds on plaintiff's complaint against defendants Correctional Officer Joseph and Sergeant Spaulding. Plaintiff alleges that during the months of August-October 2020, defendant Joseph sexually harassed/assaulted plaintiff and defendant Spaulding failed to intervene.

Plaintiff alleges that defendant Joseph propositioned plaintiff on several occasions and made derogatory comments. Plaintiff alleges that on September 2, 2020, defendant Joseph sexually harassed plaintiff at the officer's desk while defendant Spaulding stood within earshot.

Plaintiff told defendant Joseph that he would report his conduct to defendant Spaulding if he did not leave plaintiff alone. Defendant Joseph responded that he did not care. Plaintiff told defendant Spaulding that defendant Joseph was harassing plaintiff in a sexual way. Defendant Spaulding hollered at plaintiff that he heard plaintiff use profane language toward his officer and plaintiff had nothing coming. Defendant Spaulding then told defendant Joseph to write plaintiff a rules violation report for being out of bounds. Defendant Joseph escorted plaintiff to his cell, making crude comments. Plaintiff alleges that this incident, which occurred between 4:00 and 4:30 p.m., was captured on the unit video camera.

Plaintiff alleges that between September 8-13, 2020, plaintiff entered the kitchen building between 5-6:00 p.m. Defendant Joseph entered the kitchen building right after plaintiff. Defendant Joseph made a lude comment and reached for plaintiff's penis.

Plaintiff later approached defendant Joseph at his desk and asked defendant Joseph to leave plaintiff alone. Defendant Joseph told plaintiff that he would only stop when he says so or he gets what he wants. Plaintiff was so upset that he punched his cell wall, injuring his hand. Plaintiff alleges that two mental health employees came to his cell and asked if he was alright. Plaintiff alleges that the entire incident occurred on September 29, 2020, and was captured on video.

*Motion to Compel*

On April 27, 2022, the undersigned granted in part and denied in part plaintiff's motion to compel further responses to request for production of documents nos. 1-7 and 9. (ECF No. 35.) In request for production no. 3, plaintiff sought "Moving video footage/recording of CHCF unit E1 kitchen pantry area on the 9th-13th day of September, 2020 between 5:00 p.m.-6:00 p.m." (Id. at 9.) In request for production no. 4, plaintiff sought, "Moving video footage/recording of CHCF unit E1B officer's desk and cell areas (all) on the 29th day of September, 2020 between 3:00-3:40 p.m." (Id.)

Defendants responded to requests nos. 3 and 4 that, despite a diligent and reasonable search, the requested video footage did not exist. (Id. at 10.) The undersigned ordered defendants to supplement their response to request nos. 3 and 4 with sufficient detail on the

search efforts undertaken for the requested videos. (Id. at 11.)

Defendants filed supplemental briefing addressing the search efforts undertaken for the requested videos. (ECF No. 40.) Defendants represented that the video footage plaintiff sought did not exist because the CHCF camera did not capture the areas requested by plaintiff. (Id. at 3.) In a declaration attached to defendants' supplemental briefing, Litigation Coordinator Takehara stated that the video footage did not exist because the areas from which plaintiff sought video footage, i.e., the CHCF unit E1B Kitchen Pantry area and the CHCF Unit E1B officer's desk and cell areas, were not areas that were captured on cameras. (Id. at 2.)

On May 23, 2022, the undersigned denied plaintiff's motion to compel regarding request nos. 3 and 4 because the requested videos did not exist. (ECF No. 41.)

Plaintiff's Motion for Sanctions (ECF No. 54)

Plaintiff's motion for sanctions is brought pursuant to Federal Rules of Civil Procedure 11 and 37(c). (ECF No. 54 at 1.)

In the motion for sanctions, plaintiff contends that Litigation Coordinator Takehara's declaration stating that video footage of the requested areas does not exist because these areas are not captured on cameras is false. Plaintiff contends that on June 21, 2022, he participated in a settlement conference with Magistrate Judge Peterson in case 2:21-cv-1015 KJM DMC P. (Id. at 4.) Plaintiff alleges that during the settlement conference, Magistrate Judge Peterson showed plaintiff video footage from CHCF Unit E1B in the same areas Litigation Coordinator Takehara claimed were not captured on camera. (Id.) Plaintiff claims that Magistrate Judge Peterson showed him video footage of cell 101-110 area, the kitchen pantry entrance area and partial officers desk area. (Id. at 5.)

Plaintiff moves for sanctions against defendants for failing to preserve the requested videos and for providing a false declaration regarding the existence of the videos. (Id. at 6-7.) Plaintiff also moves for sanctions against Litigation Coordinator Takehara for providing a false declaration. (Id. at 7.)

In the opposition, defendants argue that plaintiff is not entitled to sanctions pursuant to Rule 11 on the following grounds. Defendants argue that Rule 11 does not apply to discovery

3

1  requests. (ECF No. 60 at 5-6.) Defendants argue, in any event, plaintiff failed to comply with the
2  notice requirements of Rule 11. (Id. at 5.) Defendants argue that Rule 11 does not apply to
3  Litigation Coordinator Takehara. (Id. at 6.) Defendants also argue that plaintiff failed to
4  establish that they violated Rule 11. (Id. at 6-7.)

5        Defendants are correct that Rule 11 does not apply to discovery requests. Fed. R. Civ. P.
6  11(d) ("This rule does not apply to disclosures and discovery requests, responses, objections, and
7  motions under Rules 26 through 37.") However, defendants' opposition does not address
8  plaintiff's request for sanctions pursuant to Rule 37. Nevertheless, for the reasons stated herein,
9  the undersigned finds that sanctions are not warranted.

10        Plaintiff seeks sanctions under Rule 37(c)(1). (ECF No. 54 at 7.) In relevant part, Rule
11  37(c)(1) authorizes certain sanctions for failing to provide information or to supplement discovery
12  responses as required by Rule 26(a), (e). Rule 26(a) addresses initial disclosures which are not
13  applicable in this action. Fed. R. Civ. P. 26(a)(B)(iv). Rule 26(e) addresses the duty of parties to
14  supplement discovery disclosure. The pending request for sanctions does not concern defendants'
15  alleged failure to supplement a previous discovery disclosure. For these reasons, Rule 37(c)(1) is
16  not applicable to the pending motion.

17        Rule 37(b)(2)(C) permits the award of attorneys' fees for failure to comply with court
18  orders. Plaintiff is not entitled to attorneys' fees under Rule 37(b)(2)(C) because he is a pro se
19  litigant. Miller v. City of Plymouth, 2011 WL 4601613, at *4 (N.D. Ind. May 5, 2011). Rather,
20  fees to pro se litigants are awardable under the courts inherent power. Jacobs v. Scribner, 2011
21  WL 98585, at *1 (E.D. Ca. Jan. 12, 2011). Federal courts also have inherent power to impose
22  sanctions against both attorneys and parties for "bad faith" conduct in litigation or for "willful
23  disobedience" of a court order. Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991).

24        Having established the authority for plaintiff's motion for sanctions, the undersigned now
25  turns to the merits of plaintiff's motion.

26        In the opposition, defendants argue that plaintiff failed to demonstrate that the cameras
27  captured the areas identified in his request for production of documents. (ECF No. 60 at 7.)
28  Defendants observe that in the pending motion, plaintiff claims that he saw video of the entrance

to the pantry. (Id.) Defendants argue that plaintiff does not describe what the term "entrance" means or how that video relates to his allegations which allegedly occurred inside the pantry. (Id.)

The undersigned agrees with defendants that plaintiff failed to demonstrate that video of the entrance to the kitchen/pantry is the video sought in request no. 3. As discussed above, plaintiff alleges that defendant Joseph sexually harassed and assaulted him inside the kitchen/pantry. Plaintiff does describe the video of the entrance of the kitchen/pantry nor claim that video of the entrance to the kitchen/pantry would capture the alleged incident between plaintiff and defendant Joseph. Accordingly, plaintiff's motion for sanctions based on defendants' alleged failure to provide him video of the entrance to the kitchen/pantry is denied.

In the opposition, defendants observe that plaintiff claims that video he saw during the settlement conference of an unrelated incident "partially" captured the officer's desk. (Id.) Defendants argue that plaintiff does not describe what the term "partially" means or what he saw. (Id.)

The undersigned finds that plaintiff has not demonstrated that the video he saw that partially captured the officer's desk demonstrates that defendants failed to provide him with the requested video. In request no. 4, plaintiff sought video of the officer's desk which would have captured a discussion between plaintiff and defendant Joseph. In the motion for sanctions, plaintiff dose not describe the part of the officer's desk he observed in the video. Plaintiff does not claim that the video he saw that partially captured the officer's desk would have captured the discussion between himself and defendant Joseph. Accordingly, plaintiff's motion for sanctions based on defendants' alleged failure to provide him video that partially captured the officer's desk is denied.

Finally, in request for production no. 4, plaintiff sought, video footage of "…cell areas (all) on the 29th day of September, 2020, between 3:00-3:40 p.m." In his declaration, Litigation Coordinator Takehara stated that ISU informed him that CHCF cameras do not capture these areas. In the motion for sanctions, plaintiff now claims that he saw video from the cell 101-110 area at the settlement conference. Plaintiff claims that Litigation Coordinator Takehara's

statement in his declaration that the cell areas requested by plaintiff were not captured on cameras is false.

In the motion to compel, plaintiff did not specifically identify the cell areas for which he sought video footage. Plaintiff's request for video of "cell areas (all)" is overbroad and vague. While plaintiff may have seen video from cells 101-110 during the settlement conference, he did not specifically request video footage from this area in request no. 4. Moreover, plaintiff does not claim that the video of cells 101-110 would have captured plaintiff inside of his cell punching the wall, which is presumably the video plaintiff sought in request no. 4. For these reasons, plaintiff's motion for sanctions based on defendants' failure to provide him with video from cells 101-110 is denied.

For the reasons discussed above, plaintiff's motion for sanctions against defendants is denied.

The undersigned also considers plaintiff's motion for sanctions against Litigation Coordinator Takehara. The Ninth Circuit has held that there are some situations in which the district court does have the authority to sanction a nonparty under its inherent authority to curb abusive litigation practices. Corder v. Howard Johnson & Co., 53 F.3d 225, 232 (9th Cir. 1994); see In re Rainbow Magazine, Inc., 77 F.3d 278, 282 (9th Cir. 1996) (sanction imposed against a nonparty for filing false statement).

The undersigned finds that sanctions against Litigation Coordinator Takehara are not warranted because, for the reasons discussed above, plaintiff failed to demonstrate that defendant Takehara's declarations contains false statements.

Finally, in the pending motion for sanctions, plaintiff requests that his previous motions for sanctions be "quashed." (ECF No. 54 at 9.) The undersigned construes plaintiff's request to "quash" his previous motions for sanctions as a request to withdraw any pending requests for sanctions. Therefore, to the extent plaintiff has unresolved requests for sanctions, the undersigned finds that these requests are withdrawn.

////

////

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for sanctions (ECF No. 54) is denied.

Dated: January 23, 2023

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Rich975.san