UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CRAIG RICHARD,

           Plaintiff,

    v.

JOSEPH, et al.,

           Defendants.

No.  2: 21-cv-0975 KJN P

ORDER AND FINDINGS AND
RECOMMENDATIONS

I.      <u>Introduction</u>

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are cross-motions for summary judgment, defendants' motion to strike plaintiff's sur-reply and plaintiff's motion for clarification, construed as a request for reconsideration.  (ECF Nos. 62, 65, 71, 77.)

    For the reasons stated herein, the undersigned recommends that defendants' motions for summary judgment and to strike plaintiff's sur-reply be granted, and plaintiff's motions for summary judgment and clarification, construed as a request for reconsideration, be denied.

II.     <u>Legal Standards for Summary Judgment</u>

    Summary judgment is appropriate when it is demonstrated that the standard set forth in Federal Rule of Civil Procedure 56 is met.  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(a).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting then-numbered Fed. R. Civ. P. 56(c)). "Where the nonmoving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." Nursing Home Pension Fund, Local 144 v. Oracle Corp. (In re Oracle Corp. Sec. Litig.), 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp., 477 U.S. at 325); see also Fed. R. Civ. P. 56 advisory committee's notes to 2010 amendments (recognizing that "a party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Consequently, if the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of such a factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material in support of its contention that such a dispute exists. See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.

1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987), overruled in part on other grounds, Hollinger v. Titan Capital Corp., 914 F.2d 1564, 1575 (9th Cir. 1990).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 630. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving a summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587; Walls v. Central Costa County Transit Authority, 653 F.3d 963, 966 (9th Cir. 2011). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 586 (citation omitted).

On October 14, 2021, and August 17, 2022 (ECF Nos. 22, 65-2), plaintiff was advised of the requirements for opposing a motion brought pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

III.    Plaintiff's Claims

This action proceeds on plaintiff's verified original complaint as to defendants Spaulding and Joseph as to claim one.[1]  (ECF Nos. 1, 6.)  Plaintiff alleges that during the months of August-October 2020, defendant Joseph sexually harassed plaintiff and defendant Spaulding failed to intervene.

In particular, plaintiff alleges that while plaintiff was housed at the California Health Care Facility ("CHCF"), Building E1B, defendant Joseph propositioned plaintiff on several occasions by asking plaintiff for oral sex.  (Id. at 3.)  Defendant Joseph said to plaintiff, "I bet you have a big dick," and "I bet you have some good dick."  (Id.)

On September 2, 2020, defendant Joseph harassed plaintiff at the officer's desk.  (Id.)  Defendant Spaulding stood within earshot of the vulgar conversation and sexual advances made by defendant Joseph.  (Id.)  Plaintiff told defendant Joseph that he would report the harassment if he did not stop.  (Id.)  Defendant Joseph responded that he did not care.  (Id.)  Plaintiff approached defendant Spaulding, who was defendant Joseph's supervisor.  (Id.)  Plaintiff told defendant Spaulding that his officer was harassing plaintiff in a sexual way.  (Id.)  Defendant Spaulding responded that he heard plaintiff use profane language toward his officer, and that as long as plaintiff was at his prison, plaintiff had nothing coming.  (Id. at 3-4.)

Defendant Spaulding then yelled, "It's 4:00.  What are you doing out of your cell?"  (Id. at 4.)  Before plaintiff could respond, defendant Spaulding told defendant Joseph to write plaintiff up for being out of bounds.  (Id.)  Defendant Joseph escorted plaintiff to his cell while making lude comments of a sexual manner.  (Id.)  Defendant Joseph told plaintiff that there was nothing plaintiff could do about defendant Joseph's interest in plaintiff and that he (defendant Joseph) would get it (plaintiff's penis) eventually.  (Id.)

Between September 8-13, 2020, between 5-6:00 p.m., while performing his duties as a porter, plaintiff entered the kitchen alone.  (Id.)  Defendant Joseph then entered the kitchen.  (Id.)  Defendant Joseph made a lude sexual comment and reached for plaintiff's penis.  (Id. at 5.)

---

[1]  Plaintiff voluntarily dismissed claim two raised in the complaint.  (ECF No. 9.)

On September 29, 2020, plaintiff approached defendant Joseph at the desk and asked him to leave plaintiff alone.  (Id.)  Defendant Joseph responded that it would stop when he says it will or when he gets what he wants.  (Id.)  Plaintiff walked away and punched the wall next to his cell, injuring his hand.  (Id.)

Plaintiff alleges that defendant Joseph violated the Eighth Amendment by sexually harassing and assaulting him.  Plaintiff alleges that defendant Spaulding violated the Eighth Amendment by failing to intervene on September 2, 2020.

IV.    Defendants' Summary Judgment Motion

A.  Relevant Pleadings

On August 17, 2022, defendants filed the summary judgment motion.  (ECF No. 65.)  On August 30, 2022, plaintiff filed an opposition.  (ECF No. 67.)  On September 21, 2022, defendants filed a reply.  (ECF No. 68.)

On January 23, 2023, the undersigned ordered defendants to serve plaintiff with redacted documents from the Prison Rape Elimination Act ("PREA") investigation conducted regarding plaintiff's claims against defendant Joseph.  (ECF No. 75.)  The undersigned granted plaintiff forty-five days to file a supplemental opposition.  (Id.)  On February 8, 2023, plaintiff filed a supplemental opposition.  (ECF No. 79.)

On September 21, 2022, plaintiff filed a sur-reply to defendants' reply to plaintiff's opposition.  (ECF No. 69.)  On December 9, 2022, defendants filed a motion to strike plaintiff's sur-reply.  (ECF No. 71.)  The undersigned addresses defendants' motion to strike plaintiff's sur-reply following the analysis of defendants' summary judgment motion.

B.  Undisputed Facts

The undersigned reviewed plaintiff's deposition transcript cited by defendants in the statement of undisputed facts and finds that defendants' representations regarding plaintiff's deposition testimony are accurate.

*Undisputed Fact No. 1*:  At all relevant times, plaintiff was an inmate at CHCF.  (ECF No. 68-1 at 2 (defendants' undisputed fact no. 1 citing plaintiff's complaint); ECF No. 67 at 44 (plaintiff's response).)

5

*Undisputed Fact No. 2:*  Plaintiff alleges that, at all relevant times in the complaint, defendant Joseph was a Correctional Officer at CHCF and defendant Spaulding was a Correctional Sergeant Supervisor at CHCF.  (ECF No. 68-1 at 2 (defendants' undisputed fact no. 2 citing plaintiff's complaint); ECF No. 67 at 44 (plaintiff's response).)

*Undisputed Fact No. 3:*  Plaintiff alleges that defendant Joseph sexually harassed/assaulted him during the months of August 2020 through October 2020.  (ECF No. 65-2 at 2 (defendants' undisputed fact no. 3 citing plaintiff's complaint); ECF No. 67 at 44 (plaintiff's response).)

*Undisputed Fact No. 4:*  Defendant Joseph allegedly made statements of a sexual nature towards plaintiff during this period.  Plaintiff initially interpreted the statements as jokes because defendant Joseph would laugh after making them.  Plaintiff did not take these statements seriously until September 2020 when the statements allegedly became more intense.  (ECF No. 65-2 at 2 (defendants' undisputed fact no. 4, citing plaintiff's deposition at pp. 37:13-39:12).)

In response to undisputed fact no. 4, plaintiff seems to dispute defendants' claim that he initially interpreted defendant Joseph's statements as jokes.  (ECF No. 67 at 44.)  Plaintiff claims that he immediately requested that defendant Joseph refrain from making sexual comments.  (Id.)  In support of this claim, plaintiff refers to his declaration filed in support of the opposition.  (Id.)  In his declaration filed in support of the opposition, plaintiff does not state that he immediately requested that defendant Joseph refrain from making sexual comments.  (Id. at 52-54.)  Moreover, "a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony."  Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 266 (9th Cir. 1991).

In response to defendants' undisputed fact no. 4, plaintiff also claims that defendant Joseph became upset and threatened plaintiff's housing and work assignment in an attempt to pressure plaintiff to have sex with him.  (ECF No. 67 at 44.)  The undersigned discusses these allegations herein.

*Undisputed Fact No. 5:*  Plaintiff testified that defendant Joseph's statements to plaintiff included discussions about transgender inmates, that plaintiff had some "good dick," and that plaintiff enjoyed being previously sexually assaulted.  However, at the beginning, defendant

1   Joseph did not demand that plaintiff do something sexual with him.  (ECF No. 65-2 at 2
2   (defendants' undisputed fact no. 5 citing plaintiff's deposition at pp. 34:10-21; 38:13-20).)

3       Plaintiff's response to defendants' undisputed fact no. 5 does not dispute the facts alleged.
4   (ECF No. 67 at 45.)  In the response, plaintiff claims that defendant Joseph's attempts at the
5   beginning were only to prime plaintiff for sex later.  (Id.)

6       *Undisputed Fact No. 6*:  Plaintiff alleges that on September 2, 2020, defendant Joseph
7   made sexual comments toward him.  Plaintiff does not specifically remember what defendant
8   Joseph said, but described the comments as sexual banter and jokes which he construed as
9   making a pass at him.  Defendant Joseph allegedly joked that plaintiff had some good dick.
10  Plaintiff testified that defendant Joseph was not trying to get him to do anything physical that day
11  and that defendant Joseph was just making sexual comments.  (ECF No. 65-2 at 2-3 (defendants'
12  undisputed fact no. 6, citing ECF No. 1 at 4 (plaintiff's complaint) and plaintiff's deposition at
13  40:9-20, 42:1-5, 43:21-44-23).)

14      In response to defendants' undisputed fact no. 6, plaintiff contends that defendant
15  Joseph's comments on September 2, 2020 were disturbing and threatening.  (ECF No. 67 at 45.)
16  Plaintiff claims that he was so upset that he asked defendant Spaulding to intervene.  (Id.)  The
17  undersigned observes that at his deposition, plaintiff testified that defendant Joseph's comments
18  on September 2, 2020, really disturbed and bothered plaintiff.  (Plaintiff's deposition at 44: 24-
19  25.)

20      *Undisputed Fact No. 7*:  As of September 2, 2020, all of defendant Joseph's conduct
21  toward plaintiff had been purely verbal and plaintiff does not allege that defendant Joseph
22  sexually assaulted him as of that date.  (ECF No. 65-2 at 3 (defendants' undisputed fact no. 7
23  citing plaintiff's deposition at 54: 12-16); ECF No. 67 at 46 (plaintiff's response to defendants'
24  undisputed fact no. 7).)

25      *Undisputed Fact No. 8*:  Following defendant Joseph's comments on September 2, 2020,
26  plaintiff allegedly approached defendant Spaulding, who when the comments were made was six
27  feet away at his desk, and told him that defendant Joseph had been sexually assaulting and
28  harassing him for some time.  Defendant Spaulding responded that he had heard plaintiff curse at

defendant Joseph and ordered defendant Joseph to lock plaintiff up and write plaintiff up for being out of bounds.  The curse word plaintiff allegedly used was "hell."  Defendant Spaulding allegedly told plaintiff that he had nothing coming.  (ECF No. 65-2 at 3 (defendants' undisputed fact no. 8 citing plaintiff's deposition at 40:13-41:13, 42:6-12); ECF No. 67 at 46-47 (plaintiff's response).)

*Undisputed Fact No. 9:*  Plaintiff alleges that, sometime between September 8 and 13, 2020, he entered the kitchen alone and defendant Joseph walked in behind him.  (ECF No. 62-2 at 3 (defendants' undisputed fact no. 9 citing plaintiff's deposition at 54:17-25, 56:8-16); ECF No. 67 at 47 (plaintiff's response to defendants' undisputed fact no. 9).)

*Undisputed Fact No. 10*:  Plaintiff testified that defendant Joseph asked plaintiff what he was doing and then grabbed him in the zipper area.  Plaintiff testified that defendant Joseph did not say anything sexual.  Defendant Joseph allegedly touched plaintiff over his clothes in the penis area and immediately pulled back.  Defendant Joseph did not attempt to reach inside plaintiff's clothes.  (ECF No. 65-2 at 3 (defendants' undisputed fact no. 10 citing plaintiff's deposition at 57:19-24, 59:7-60:22).)

In response to defendants' undisputed fact no. 10, plaintiff claims that defendant Joseph made a lude comment to plaintiff before reaching for his penis.  (ECF No. 67 at 47.)  In support of this claim, plaintiff cites his verified complaint where he alleged that defendant Joseph made a lude comment before reaching for his penis.  (ECF No. 1 at 5.)  Plaintiff also attaches to his opposition the declaration of inmate Gary Williams who states that plaintiff told him that defendant Joseph threatened to file a false disciplinary report and fire plaintiff from his job if plaintiff reported what happened in the kitchen.  (ECF No. 67 at 76.)

In the reply, defendants argue that plaintiff provides three different versions of what defendant Joseph said to him in the kitchen:  1) defendant Joseph did not say anything; 2) defendant Joseph made a lude comment to plaintiff; and 3) defendant Joseph threatened to file a false disciplinary report and fire plaintiff from his job if he reported the incident.

The undersigned finds that plaintiff's claim that defendant Joseph made a lude comment does not necessarily contradict inmate Williams' statement that plaintiff told him that defendant

8

Joseph threatened him.  However, plaintiff's complaint alleging that defendant Joseph made a lude comment prior to reaching for his penis and inmate Williams' claim that plaintiff told him that defendant Joseph threatened him contradicts plaintiff's deposition testimony that defendant Joseph said nothing to him in the kitchen.  The undersigned cannot weigh the credibility of plaintiff's contradictory allegations on summary judgment.  Perez v. Smith, 2022 WL 17821607, at *1 (E.D. Cal. Dec. 20, 2022) (citing Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007)).[2]  Accordingly, the undersigned finds that whether defendant Joseph made a lude comment before reaching for plaintiff's penis and/or threatened plaintiff is disputed.  Defendants' undisputed fact no. 10 is otherwise undisputed.

*Undisputed Fact No. 11:*  Plaintiff testified that the incident in the kitchen was the first and last time that he alleges that defendant Joseph sexually assaulted him.  (ECF No. 65-2 at 4 (defendants' undisputed fact no. 11, citing plaintiff's deposition at 55: 15-19); ECF No. 67 at 47 (plaintiff's response).)

*Undisputed Fact No. 12*:  Plaintiff reported the kitchen incident to a psychologist.  (ECF No. 65-2 at 4 (defendants' undisputed fact no. 12 citing plaintiff's deposition at 67:23-68:1); ECF No. 67 at 47-48 (plaintiff's response).)

*Undisputed Fact No. 13:*  Plaintiff alleges that between the alleged incident in the kitchen and September 29, 2020, defendant Joseph verbally harassed and threatened him, but there was no physical contact.   (ECF No. 65-2 at 4 (defendants' undisputed fact no. 13 citing plaintiff's deposition at 69:12-23); ECF No. 67 at 48 (plaintiff's response).)

*Undisputed Fact No. 14:*  Plaintiff alleges that he engaged in a serious physical altercation with another inmate on October 1, 2020, and was subsequently transferred to another unit away from defendant Joseph.  (ECF No. 65-2 at 4 (defendants' undisputed fact no. 14 citing plaintiff's complaint (ECF No. 1 at 6); ECF No. 67 at 48 (plaintiff's response).)

*Undisputed Fact No. 15*:  Plaintiff alleges that following his October 2020 transfer, he

---

[2]  Under the "sham affidavit" rule, "a party cannot create an issue of fact by contradicting his prior deposition testimony."  Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 266 (9th Cir. 1991).  Plaintiff's complaint is not a sham affidavit because it was prepared prior to his deposition.

1    filed a report regarding his allegations against defendant Joseph and submitted a PREA

2    complaint.  (ECF No. ECF No. 65-2 at 4 (defendants' undisputed fact no. 15 citing plaintiff's

3    complaint (ECF No. 1 at 7); ECF No. 67 at 48 (plaintiff's response).)

4        *Undisputed Fact No. 16*:  Before plaintiff's October 2020 transfer, defendant Spaulding

5    took no action preventing plaintiff from filing a grievance regarding either defendants' alleged

6    conduct.  (ECF No. 65-2 at 4 (defendants' undisputed fact no. 16 citing plaintiff's deposition at

7    53:3); ECF No. 67 at 49 (plaintiff's response).)

8        *Undisputed Fact No. 17*:  On October 9, 2020, defendant Spaulding came to interview

9    plaintiff regarding his allegations against defendant Joseph.  Plaintiff informed defendant

10   Spaulding that he included him in his complaint regarding his failure to protect, and the interview

11   was stopped.  (ECF No. 65-2 at 4-5 (defendants' undisputed fact no. 17 citing plaintiff's

12   complaint (ECF No. 1 at 7), plaintiff's deposition at 93:4-94:12, and defendant Spaulding's

13   declaration (ECF No. 65-4)); ECF No. 67 at 49 (plaintiff's response).)

14       *Undisputed Fact No. 18*:  Following the interview, a PREA investigation was conducted.

15   Plaintiff agreed that following his PREA interview, the report went through PREA protocols,

16   went to Investigative Services Unit, and went to the next procedural step beyond the PREA

17   interview.  (ECF No. 65-2 at 5 (defendants' undisputed fact no. 18 citing plaintiff's deposition at

18   94:16-23; Exhibit A (filed under seal)); ECF No. 67 at 50 (plaintiff's response).)

19       *Undisputed Fact No. 19*:  Plaintiff testified that he had no contact with defendant

20   Spaulding from September 2, 2020, until the PREA interview on October 9, 2020.  (ECF No. 65-

21   2 at 5 (defendants' undisputed fact no. 19 citing plaintiff's deposition testimony at 68:17-22);

22   ECF No. 67 at 50 (plaintiff's response).)

23       C.   Discussion—Claims Against Defendant Joseph

24       Defendants move for summary judgment as to plaintiff's claim against defendant Joseph

25   on the grounds that the alleged physical assault and verbal abuse did not violate the Eighth

26   Amendment.  The undersigned addresses these claims separately.

27       *Allegations of Verbal Abuse*

28       It is undisputed that plaintiff alleges that defendant Joseph engaged in persistent verbal

                                        10

1    sexual harassment of plaintiff for three months, i.e., August 2020 through October 2020.  It is

2    undisputed that plaintiff alleges that defendant Joseph discussed transgender inmates with

3    plaintiff, stated that plaintiff had some good dick and that plaintiff previously enjoyed being

4    sexually assaulted.  It is undisputed that plaintiff also alleges that defendant Joseph made

5    statements that plaintiff construed as making a pass at plaintiff.  Attached to plaintiff's opposition

6    is the verified declaration of inmate Davion Rashid.  (ECF No. 67 at 79.)  Inmate Rashid states

7    that in 2020-21, he observed defendant Joseph make sexual advances toward plaintiff by smiling

8    at plaintiff and licking his lips.[3]  (Id.)

9           Defendants moves for summary judgment on the grounds that verbal sexual harassment

10   does not violate the Eighth Amendment.

11          The Ninth Circuit has stated that "verbal harassment generally does not violate the Eighth

12   Amendment."  Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), opinion amended on denial of

13   reh'g, 135 F.3d 1318 (9th Cir. 1998).  In Keenan, the Court affirmed the grant of summary

14   judgment based on verbal harassment, but left open the possibility that there could be a set of

15   circumstances under which verbal harassment could violate the Constitution.  Id.  The Ninth

16   Circuit suggested that verbal harassment may violate the Eighth Amendment when it is

17   "unusually gross even for a prison setting and [is] calculated to and [does] cause [plaintiff]

18   psychological damage."  Id.  "The Ninth Circuit did not, however, detail what type of verbal

19   harassment could meet this high standard."  Brewster v. Mills, 2022 WL 976973, at *5 (N.D. Cal.

20   March 31, 2022.)  "And since Keenan, the Court has repeatedly held that "the Eighth

21   Amendment's protections do not extend to mere verbal sexual harassment."  Id. (citing Blacher v.

22   Johnson, 517 F. App'x 564 (9th Cir. 2013) ("The district court properly dismissed Blacher's

23   claim of sexual harassment because the Eighth Amendment's protections do not extend to mere

24   verbal sexual harassment."); Austin v. Terhune, 367 F.3d 1167, 1171–72 (9th Cir. 2004)

25   ("Although prisoners have a right to be free from sexual abuse, whether at the hands of fellow

26   inmates or prison guards ... the Eighth Amendment's protections do not necessarily extend to

27   ─────────────────

28   [3]  As observed by defendants in the reply, inmate Rashid does not state the exact date he
     witnessed defendant Joseph lick his lips.

1    mere verbal sexual harassment.") (citation omitted)).

2            Based on Ninth Circuit law, courts have found that isolated and persistent verbal sexual

3    harassment does not violate the Eighth Amendment.  In Moore v. Calderon, 2021 WL 1541296,

4    at *2 (E.D. Cal. Apr. 20, 2021), the court found that defendant's order for plaintiff to show him

5    her breasts was not "unusually gross even for a prison setting."  In Reed v. Racklin, 2019 WL

6    4745266, at *5 (E.D. Cal. Sept. 30, 2019), the court found the alleged statement by a correctional

7    counselor that, "Do you think you could jack me off in the blink of an eye?" did not violate

8    Eighth Amendment.

9            In Baker v. Battad, 2020 WL 487411, at *1, *4 (S.D. Cal. Jan. 30, 2020), report and

10   recommendation adopted, 2020 WL 3451329 (S.D. Cal. June 24, 2020), the court found that three

11   alleged comments made by a prison guard to the plaintiff were sexual in nature and highly

12   inappropriate but were "not unusually gross for a prison setting," and noted that courts had found

13   even worse comments made in the prison setting not to be actionable.  These comments included

14   defendant telling plaintiff that "he wanted to suck [plaintiff's] penis," "let me see your hot dog,"

15   and "I'm going to show you mine."  Id. at *1.

16           In Horton v. Billingsley, 2019 WL 7630863, at *2, *4 (C.D. Cal. Dec. 3, 2019), report and

17   recommendation adopted, 2020 WL 362634 (C.D. Cal. Jan. 20, 2020), the court found that

18   statements to plaintiff asking, "if he took [her] home with him, could he get into [her] pants

19   whenever he wants?" and telling her to "stay beautiful" and "keep [her] skin soft" and that he

20   admired the way she carried herself and got along with others did not violate the Eighth

21   Amendment.

22           In Thompson v. Cagle, 2019 WL 4392411, at *2, *3 (E.D. Cal. Sept. 13, 2019), report and

23   recommendation adopted, 2019 WL 5308994 (E.D. Cal. Oct. 21, 2019), the court found that "cat

24   calls" by defendant toward plaintiff, statements that if plaintiff was not fond of the "cat calls"

25   then plaintiff could be replaced by an alternate inmate, and allegations that defendant was

26   "excessive" in making inappropriate sexual remarks against him regarding anal sex, comparing

27   male anatomy of different ethnicities, and stating "fuck me running," did not violate the Eighth

28   Amendment.

In <u>Cruz v. Savoie</u>, 2018 WL 2356761, at *1-2 (E.D. Cal. May 24, 2018), report and recommendation adopted sub nom., <u>Cruz v. Savioe</u>, 2018 WL 3655885 (E.D. Cal. July 31, 2018), the court found that two instances of the defendant asking the plaintiff to expose himself to her did not violate the Eighth Amendment.

In <u>Patrick v. Hernandez</u>, 2018 WL 5095130, at *1, *3 (E.D. Cal. Oct. 17, 2018) report and recommendation adopted, Nov. 27, 2018, Doc. No. 20), the court addressed instances of alleged persistent sexual harassment, finding that allegations that defendant sexually harassed plaintiff by saying, "Patrick suck my dick" and "you want it in the ass," and saying to other inmates that "Patrick likes to jack people off" and "Patrick likes it in the ass," and that defendant put his hand on his own crotch and squeezed while telling plaintiff to "lick [his] nuts" did not violate the Eighth Amendment.

In <u>Brewster v. Mills</u>, 2022 WL 976973 (N.D. Cal. March 31, 2022), the court found that persistent, verbal sexual harassment did not violate the Eighth Amendment.  In <u>Brewster</u>, the plaintiff alleged that the defendant watched plaintiff while he showered and frequently made sexual comments about plaintiff's body.  2022 WL 976973, at *1.  Plaintiff alleged that the defendant also said, "This is my jail, I do what I want.  And I'll make you suck my dick until my knees buckle or till my knees shaking."  <u>Id.</u>  The court found that the allegations of persistent verbal sexual harassment did not violate the Eighth Amendment.  <u>Id.</u> at 5.

The comments defendant Joseph allegedly made to plaintiff herein were highly offensive and totally inappropriate.  However, based on the cases cited above, it is clear that the type of comments allegedly made by defendant Joseph to plaintiff were not unusually gross even for the prison setting.  The cases cited above make clear that defendant Joseph's alleged persistent verbal sexual harassment of plaintiff did not violate the Eighth Amendment.[4]  On these grounds,

---

[4] One court in the Eastern District of California has suggested that it may be time for the Ninth Circuit to reevaluate and address the contours of those circumstances in which comments are sufficiently "gross even for a prison setting" and lead to an inference of being calculated to cause psychological damage so as to state a cognizable Eighth Amendment claim.  <u>Moore v. Calderon</u>, 2021 WL 1541296, at *3.

1    defendant Joseph should be granted summary judgment as to this claim.[5]

2         *Alleged Physical Assault*

3         Defendants move for summary judgment as to plaintiff's claim that defendant Joseph

4    physically assaulted plaintiff on the grounds that the alleged assault did not violate the Eighth

5    Amendment.

6         It is undisputed that plaintiff alleges that defendant Joseph briefly touched plaintiff over

7    his clothes in the penis area and immediately pulled back.  As discussed above, whether

8    defendant Joseph made sexual comments and/or threats at the time he allegedly touching plaintiff

9    is disputed.

10        The Supreme Court has instructed that whether a specific act constitutes cruel and unusual

11   punishment is measured by "the evolving standards of decency that mark the progress of a

12   maturing society." Hudson v. McMillian, 503 U.S. 1, 8 (1992).  "The law regarding sexual abuse

13   and sexual harassment has changed over time." Brewster, 2022 WL 976973, at *3 (citing

14   Anderson v. Ferguson, 2022 WL 767191, at *7–*9 (N.D. Cal. Mar. 14, 2022)).  The current

15   Eighth Amendment jurisprudence focuses on whether a prison staff member, acting without

16   legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged

17   in sexual conduct for the staff member's own gratification, or for the purpose of humiliating,

18   degrading, or demeaning the prisoner. Bearchild v. Cobban, 947 F.3d 1130, 1144 (9th Cir. 2020).

19        Claims of brief inappropriate touching with sexual overtones have been found not to state

20   Eighth Amendment violations. See Watson v. Carter, 668 F.3d 1108, 1113-14 (9th Cir. 2012)

21   (defendant's conduct was "not objectively harmful enough" and the prisoner's humiliation not

22   severe enough to state an Eighth Amendment claim where defendant officer allegedly entered

23   prisoner's cell while he was on the toilet, rubbed his thigh against the prisoner's thigh and began

24

25   [5] Plaintiff attached to his supplemental opposition the redacted PREA investigation documents the undersigned ordered defendants to serve on plaintiff.  (ECF No. 79 at 21-62.)  The

26   undersigned reviewed these documents and finds that they do not demonstrate a violation of plaintiff's Eighth Amendment rights by defendant Joseph as to this claim.  The undersigned also

27   reviewed the unredacted PREA investigation documents submitted by defendants for in camera review.  The unredacted PREA investigation documents also do not demonstrate a violation of

28   plaintiff's Eighth Amendment rights by defendant Joseph as to this claim.

smiling in a sexual way, and left prisoner's cell laughing); Martinez v. Scott, 2022 WL 598315, at

*10 (C.D. Cal. Jan. 24, 2022) (citing Benjamin v. Stevens County, 839 Fed. App'x 100, 101 (9th

Cir. 2020) (allegations that guard made sexual comments to inmate on a daily basis and touched

inmate without her consent, including brushing dirt off inmate's thigh and putting hand on

inmate's back while conversing, insufficient to show an Eighth Amendment violation); Rivera v.

Schultz, 556 Fed. App'x 500, 501 (7th Cir.), cert. denied, 574 U.S. 885 (2014) (affirming

judgment as a matter of law on Eighth Amendment claim where evidence showed that guard

conducting pat down of plaintiff grabbed plaintiff's pants and pulled them down, exposing

plaintiff's underwear, then made a comment eliciting laughter from other guards); Foust v. Ali,

2021 WL 4975183, at *3 (E.D. Cal. Oct. 26, 2021) (allegations that prison guard touched plaintiff

twice on the buttocks insufficient to allege Eighth Amendment claim); Horton v. Billingsley,

2019 WL 7630863, at *4 (C.D. Cal. Dec. 3, 2019), adopted, 2020 WL 362634 (C.D. Cal. Jan. 20,

2020) (incident in which guard drew his finger down plaintiff's neck insufficient to allege Eighth

Amendment violation, even where guard made sexually suggestive comments); Gonzalez Castillo

v. Renteria, 2019 WL 4271521, at *1 (S.D. Cal. Sept. 10, 2019), aff'd, 831 Fed. App'x 282 (9th

Cir. 2020) (granting summary judgment for defendants where evidence showed prison guard

"momentarily squeez[ed] plaintiff's buttocks during a fully clothed pat-down," the squeezing was

only "seconds long" and not done in a "harsh way," and guard did not pat down plaintiff's groin

area or make any sexually suggestive comments during the incident); Gonzalez Castillo v.

Valencia, 2019 WL 2387764, at *3 (E.D. Cal. June 6, 2019), adopted, 2020 WL 5370907 (E.D.

Cal. Sept. 8, 2020) (allegations that, pursuant to searches, one officer briefly touched plaintiff's

buttock without sexual comment and another officer squeezed plaintiff's buttocks twice on each

side did not "rise to the level of an Eighth Amendment violation"); Greene v. Karlow, 2019 WL

2369861, at *3 (E.D. Cal. June 5, 2019), adopted, 2019 WL 6894062 (E.D. Cal. Dec. 18, 2019)

(allegations that prison guard groped the back of prisoner's leg just under his buttocks insufficient

to state an Eighth Amendment claim); Palmer v. O'Connor, 2013 WL 1326207, at *4 (E.D. Cal.

Mar. 29, 2013) ("Inmate sexual harassment claims that allege brief inappropriate touching by a

correctional official are generally found to be noncognizable"); Fisher v. Dizon, 2008 WL

619149, at *10 & n.4 (E.D. Cal March 4, 2008), adopted, 2008 WL 863980 (E.D. Cal. Mar. 28, 2008) (on summary judgment, a guard's act of poking a prisoner twice in the buttocks with an item resembling a baton or flashlight did not violate the Eighth Amendment); compare Hill v. Rowley, 658 Fed. App'x 840, 841 (9th Cir. 2016) (prison guard's "gripping" of prisoner's buttocks sufficient to allege Eighth Amendment claim).

Defendant Joseph's alleged touching of plaintiff herein was offensive and highly inappropriate.  However, the case law is clear that brief, inappropriate touching does not violate the Eighth Amendment.[6]  Accordingly, the undersigned finds that defendant Joseph's alleged brief touching of plaintiff in his penis area, outside of his clothes, did not violate the Eighth Amendment, regardless of whether defendant Joseph made lude comments and/or threatened plaintiff at the time of this incident.  Accordingly, defendant Joseph should be granted summary judgment as to this claim.[7]

The undersigned observe that in his opposition, plaintiff appears to argue that defendant Joseph violated Title 15 of the California Code of Regulations.  Plaintiff cites various section of Title 15, including the alleged definition of sexual assault under Title 15.  (ECF No. 67 at 4, 7.)

---

[6]  The undersigned finds that in Bearchild, supra, the Ninth Circuit did not expand the definition of sexual assault to include brief, inappropriate touching.  In Bearchild, the plaintiff alleged that during a pat-down search that lasted about five minutes, the defendant rubbed, stroked, squeezed and groped plaintiff's intimate areas.  947 F.3d at 1135.  The plaintiff also stated that the defendant ordered him to pull his waistband away from his body, stared at his penis and asked, "is that all of you?"  Id.  The Ninth Circuit considered whether the jury instructions misstated the elements of plaintiff's Eighth Amendment claim alleging sexual assault.  Id.  The Ninth Circuit went on to define sexual assault as a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner.  Id. at 1144.  In Bearchild, the Ninth Circuit did not overturn its prior cases finding that brief, inappropriate touching does not violate the Eighth Amendment.

[7] Plaintiff attached to his supplemental opposition the redacted PREA investigation documents the undersigned ordered defendants to serve on plaintiff.  (ECF No. 79 at 21-62.)  The undersigned reviewed these documents and finds that they do not demonstrate a violation of plaintiff's Eighth Amendment rights by defendant Joseph as to this claim.  The undersigned also reviewed the unredacted PREA investigation documents, submitted by defendants for in camera review.  The unredacted PREA investigation documents also do not demonstrate a violation of plaintiff's Eighth Amendment rights by defendant Joseph as to this claim.

Plaintiff argues that Title 15 prevents unwanted sexual misconduct.  (Id. at 14.)  Violations of Title 15 of the California Code of Regulations do not create a private right of action.  Nible v. Fink, 828 Fed. Appx. 463, 464 (9th Cir. 2020).

D.   Defendant Spaulding

Plaintiff alleges that defendant Spaulding failed to intervene after plaintiff reported defendant Joseph's sexual harassment of plaintiff on September 2, 2022.  Defendants move for summary judgment as to defendant Spaulding on the grounds that his alleged failure to intervene did not violate the Eighth Amendment.

Plaintiff had a right to be free from sexual abuse.  Bearchild v. Cobban, 947 F.3d at 1144.  In a "failure-to-protect" claim, a prisoner must show that a prison official's act or omission (1) was objectively, sufficiently serious, and (2) the official was subjectively, deliberately indifferent to inmate's health or safety.  Farmer v. Brennan, 511 U.S. at 825, 834 (1994). "To be held liable for deliberate indifference to the sexual abuse of an inmate, 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'"  Burnam v. Smith, 787 Fed.Appx. 387, 390 (9th Cir. 2019) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)); see also Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent 8th Amendment violation may be basis for liability).

The following facts are undisputed.  Plaintiff alleges that on September 2, 2020, defendant Joseph made sexual comments toward plaintiff.  Plaintiff does not specifically remember what defendant Joseph said, but plaintiff described the comments as sexual banter and jokes which he construed as making a pass at him.  Defendant Joseph allegedly told plaintiff that plaintiff had some good dick.  Plaintiff does not claim that defendant Joseph did anything physical to him.  Plaintiff alleges that he approached defendant Spaulding, who was close enough to have heard defendant Joseph's comments.  Plaintiff allegedly told defendant Spaulding that defendant Joseph had been sexually assaulting him and harassing him for some time.  Defendant Spaulding allegedly told defendant Joseph to lock plaintiff up.  Defendant Spaulding allegedly told plaintiff that plaintiff had nothing coming.

1       Defendants first argue that defendant Spaulding is entitled to summary judgment because

2  there is no evidence that he was aware of an excessive risk of harm to plaintiff's safety, i.e., the

3  subjective element of an Eighth Amendment claim.  Defendants argue that because the

4  harassment on September 2, 2020, was only verbal, defendant Spaulding could not have been

5  aware that an excessive risk of serious harm existed.  For the following reasons, the undersigned

6  finds that defendant Spaulding is not entitled to summary judgment on these grounds.

7       It is undisputed that the only harassment defendant Spaulding allegedly witnessed on

8  September 2, 2020 was verbal.  However, it is undisputed that on September 2, 2020, plaintiff

9  allegedly reported to defendant Spaulding that defendant Joseph had been sexually assaulting and

10  harassing plaintiff for some time.  Plaintiff's alleged statement to defendant Spaulding that

11  defendant Joseph had been sexually assaulting him for some time was not true.  However, based

12  on this alleged (false) statement as well as defendant Spaulding's alleged witnessing of defendant

13  Joseph's verbal harassment of plaintiff on September 2, 2020, the undersigned cannot find that

14  defendant Spaulding was not aware of facts from which an inference could be drawn that plaintiff

15  faced a substantial risk of serious harm from defendant Joseph.  Defendants' motion for summary

16  judgment on these grounds should be denied.

17       Defendants also argue that defendant Spaulding is entitled to summary judgment because

18  plaintiff did not face a substantial risk of serious harm, i.e., the objective element of an Eighth

19  Amendment claim.  For the reasons stated herein, the undersigned recommends that defendant

20  Spaulding be granted summary judgment on these grounds.

21       The objective element of an Eighth Amendment failure to protect claim is that the

22  prisoner faced a substantial risk of serious harm.  Farmer, 511 U.S. at 828.  For the following

23  reasons, the undersigned finds that plaintiff did not face a substantial risk of serious harm from

24  defendant Joseph.  Other than the incident in the kitchen, defendant Joseph's alleged sexual

25  harassment of plaintiff was verbal.  While defendant Joseph allegedly touched plaintiff briefly in

26  the penis area outside of his pants, this offensive conduct was not unconstitutional.  In addition,

27  ////

28  ////

1    plaintiff presents no evidence that defendant Joseph previously sexually assaulted other inmates.[8]

2    These circumstances do not demonstrate that plaintiff faced a substantial risk of serious harm

3    from defendant Joseph.

4           The undersigned is mindful that an inmate may face a substantial risk of harm even if they

5    are not assaulted.  See Helling v. McKinney, 509 U.S. 25, 33 (1993); Munoz v. Cal. Dep't. of

6    Corrections, 2020 WL 5163589, at *4 (C.D. Cal. July 24, 2020) ("Prison inmates are not required

7    to wait until the threatened assault occurs before seeking relief for deliberate indifference to a

8    serious risk of harm.").  However, for the reasons discussed above, the undersigned finds that

9    plaintiff has not presented sufficient evidence demonstrating that he faced a substantial risk of

10   serious harm from defendant Joseph.  Accordingly, the undersigned finds that defendant

11   Spaulding did not violate the Eighth Amendment on September 2, 2020, when he allegedly

12   disregarded plaintiff's claims of previous sexual assaults and verbal harassment by defendant

13   Joseph.  On these grounds, defendant Spaulding should be granted summary judgment.

14          Defendants also argue that defendant Spaulding is entitled to qualified immunity.  The

15   doctrine of qualified immunity protects "government officials ... from liability for civil damages

16   insofar as their conduct does not violate clearly established statutory or constitutional rights of

17   which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

18   As the Supreme Court has noted, qualified immunity protects "all but the plainly incompetent or

19   those who knowingly violate the law."  See Malley v. Briggs, 475 U.S. 335, 341 (1986).  In

20   evaluating qualified immunity, the court must determine : (1) whether the facts, viewed in the

21   light most favorable to the plaintiff, show that the defendant's conduct violated a constitutional

22   right; and (2) whether the right was clearly established at the time of the alleged violation such

23   that a reasonable person in the defendant's position would have understood that his actions

24   violated that right.  Saucier v. Katz, 533 U.S. 194, 201–02 (2001) (receded from in Pearson v.

25   Callahan, 555 U.S. 223 (1009) (holding that while Saucier's two step sequence for resolving

26   _____

27   [8]   In support of his opposition, plaintiff submitted five inmate witness declarations.  (ECF No. 67
     at 75-80.)  None of these inmates claim that defendant Joseph physically assaulted them, sexually
     or otherwise, or that they personally witnessed defendant Joseph physically assault other inmates,

28   sexually or otherwise.

government official's qualified immunity claims is often appropriate, courts may exercise their

sound discretion in deciding which of the two prongs should be addressed first)).  If the answer to

either inquiry is "no," then the defendant is entitled to qualified immunity and may not be held

personally liable for his or her conduct.  Glenn v. Washington Cty., 673 F.3d 864, 870 (9th Cir.

2011).

Because the undersigned finds that defendant Spaulding did not violate the Eighth

Amendment, no further discussion of qualified immunity is warranted.

In the summary judgment motion, defendants also argue that defendant Spaulding did not

have a reasonable opportunity to intervene during the kitchen incident because he was not

present.  The undersigned does not find that plaintiff's complaint raises a failure-to-intervene

claim regarding this specific incident.  However, in an abundance of caution, the undersigned

finds that there is no evidence that defendant Spaulding was present during this incident or knew

that defendant Joseph intended to follow plaintiff into the kitchen.  For these reasons, the

undersigned finds that defendant Spaulding did not violate the Eighth Amendment by failing to

intervene on the date of the kitchen incident.

In the summary judgment motion, defendants also argue that defendant Spaulding took no

steps to prevent plaintiff from filing a complaint and properly performed his role in the PREA

investigation.  The undersigned does not find that plaintiff raises a claim against defendant

Spaulding for preventing plaintiff from filing a complaint or not performing his role in the PREA

investigation.  Accordingly, the undersigned will not address these matters.

Finally, the undersigned observes that in his opposition, plaintiff argues that defendant

Spaulding violated Title 15 by failing to report defendant Joseph's sexual misconduct.  (ECF No.

67 at 21-22.)  As stated above, violations of Title 15 do not create private rights of action.  Nible

v. Fink, 828 Fed. Appx. 463, 464 (9th Cir. 2020).  Plaintiff may also be attempting to argue that

defendant Spaulding violated PREA by failing to report defendant Joseph's alleged sexual

harassment on September 2, 2020.  However, PREA does not create a private right of action.

Hardney v. Moncus, 2016 WL 7474908, at *3 (E.D. Cal. Dec. 28, 2016).

////

1        E.   Defendants' Motion to Strike

2              On September 21, 2022, plaintiff filed a sur-reply to defendants' reply.  (ECF No. 69.)  On

3   December 9, 2022, defendants filed a motion to strike plaintiff's sur-reply as an improper

4   pleading.  (ECF No. 71.)

5              The Local Rules for the Eastern District of California provide for a motion, an opposition,

6   and a reply.  See E.D. Cal. L.R. 230(l).  There is nothing in the Local Rules or the Federal Rules

7   of Civil Procedure that permit the filing of a sur-reply as a matter of right.  The court generally

8   views motions for leave to file a sur-reply with disfavor.  See Hill v. England, 2005 WL 3031136,

9   at *1 (E.D. Cal. 2005) (citation omitted).  However, district courts have the discretion to either

10  permit or preclude a sur-reply.  See JG v. Douglas Cnty. School Dist., 552 F.3d 786, 803 n.14

11  (9th Cir. 2008) (district court did not abuse discretion in denying leave to file a sur-reply where it

12  did not consider new evidence in reply); U.S. ex rel. Meyer v. Horizon Health Corp., 565 F.3d

13  1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit

14  "inequitable surreply"), overruled on other grounds by U.S. ex rel. Hartpence v. Kinetic

15  Concepts, Inc., 792 F.3d 1121 (9th Cir. 2015).

16             The undersigned is mindful that, in this Circuit, courts are required to afford pro se

17  litigants additional leniency.  See, e.g., Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)

18  (quoting Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010)) (holding when plaintiff "is pro se,

19  particularly in civil rights cases, [courts should] construe the pleadings liberally and ... afford the

20  [plaintiff] the benefit of any doubt").  Nonetheless, the leniency afforded pro se inmates need not

21  extend to permitting sur-replies "as a matter of course," and the undersigned is not inclined to

22  grant such leave absent a showing of good cause.  See Garcia v. Biter, 195 F. Supp.3d 1131, 1134

23  (E.D. Cal. 2016) (denying motion for leave to file sur-reply due to lack of good cause).

24             Here, plaintiff did not seek leave to file a sur-reply even though the record reflects that

25  plaintiff is capable of seeking leave from the court to file various documents.  (See, e.g., ECF No.

26  24 (motion to amend); ECF No. 29 (motion for extension of time); ECF No. 37 (motion to

27  compel).)  The undersigned also reviewed the sur-reply and finds that the arguments raised do not

28  change the undersigned's analysis of defendants' summary judgment motion.  Accordingly,

1  defendants' motion to strike the sur-reply should be granted and the sur-reply should be stricken.

2  V.  Plaintiff's Summary Judgment Motion

3  A.  Discussion

4  In discussing plaintiff's summary judgment motion, the undersigned incorporates the legal

5  standards set forth above for the claims against defendants Joseph and Spaulding.

6  Plaintiff moves for summary judgment on the merits of his claims.  Plaintiff also raises a

7  new retaliation claim against defendant Spaulding and argues that he is being denied video

8  evidence of his claims.  The undersigned addresses these arguments herein.

9  *Plaintiff's Motion re: Merits of Claims*

10  Plaintiff moves for summary judgment as to the merits of his claims against defendants

11  Joseph and Spaulding.  (ECF No. 62 at 14-20.)  The evidence plaintiff relies on in support of his

12  summary judgment motion is his separately filed declaration.  (ECF No. 63.)  In this declaration,

13  plaintiff alleges that defendant Joseph sexually and verbally assaulted him during August-October

14  2020.  (Id. at 1-2.)  Plaintiff alleges that defendant Spaulding failed to intervene after plaintiff

15  informed him that defendant Joseph was sexually and verbally harassing plaintiff.  (Id. at 2.)

16  Attached to plaintiff's declaration are exhibits relevant to the merits of his claims.  These

17  exhibits include plaintiff's complaint (id. at 7-21), plaintiff's mental health records (id. at 23-38),

18  plaintiff's medical records (id. at 38-46), a second declaration by plaintiff (id. at 96-97), and

19  declarations by inmate witnesses (id. at 98-102).

20  In his second declaration, plaintiff states that defendant Joseph assaulted him in

21  September 2020 in the kitchen pantry.  (Id. at 97.)

22  The undersigned herein summarizes the inmate declarations attached to plaintiff's

23  declaration filed in support of his summary judgment motion.  Inmate Joseph Harris states that he

24  witnessed defendant Joseph verbally harass other inmates on February 18, 2021.  (Id. at 98.)

25  Inmate Gary Williams states that he witnessed plaintiff attempt to report defendant Joseph's

26  sexual misconduct to defendant Spaulding.  (Id. at 99.)  Inmate Gary Williams also states that he

27  witnessed plaintiff having a mental breakdown on September 29, 2020.  (Id.)  Plaintiff includes a

28  second declaration by inmate Gary Williams.  (Id. at 100.)  In the second declaration, inmate

Gary Williams states that in September he observed defendant Joseph follow plaintiff into the kitchen.  (Id.)  Inmate Gary Williams states that plaintiff later told him that defendant Joseph grabbed his penis and threatened to falsify a disciplinary report and fire plaintiff from his job if he reported it.  (Id.)  Plaintiff submitted a declaration from inmate Allen.  (Id. at 101.)  This declaration states that on or around September 8, 2013[9], the inmate observed defendant Joseph enter the kitchen after plaintiff.  (Id.)  Plaintiff submitted the declaration of inmate David Rashid.  (Id. at 102.)  Inmate David Rashid states that in 2020-2021, he witnessed defendant Joseph smiling and licking his lips toward plaintiff.  (Id.)

*Defendants' Opposition*

Defendants first argue that plaintiff's summary judgment motion should be denied because plaintiff failed to file a statement of undisputed facts in support of his summary judgment motion, as required by Local Rule 56-260(a).

In light of the Ninth Circuit's directive that a document of a pro se litigant be construed liberally, the undersigned resolves plaintiff's summary judgment motion on the merits despite plaintiff's failure to file a statement of undisputed facts as required by the Local Rules.  Estelle v. Gamble, 551 U.S. 89, 94 (9th Cir. 2007); Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice.").

Defendants next argue that plaintiff's motion for summary judgment as to defendant Joseph should be denied because the alleged verbal sexual harassment and alleged sexual assault did not violate the Eighth Amendment.  (ECF No. 66 at 7-8.)  Defendants also contend that whether defendant Joseph sexually harassed and/or assaulted plaintiff is disputed.  In support of this claim, defendants cite defendant Joseph's supplemental responses to plaintiff's first set of interrogatories attached to the opposition.  In his supplemental response to interrogatory no. 10, defendant Joseph denied harassing or assaulting plaintiff in any manner.  (ECF No. 66-3 at 12.)  In his supplemental response to interrogatory no. 12, defendant Joseph denied sexually assaulting or sexually harassing plaintiff in E1B at CHCF in September 2020.  (Id. at 14.)

---

[9] It appears that the inmate Allen meant to state that he saw plaintiff enter the kitchen on September 8, 2020, rather than September 8, 2013.

Regarding defendant Spaulding, defendants argue that plaintiff's allegations against him, if true, do not establish a constitutional violation.  (ECF No. 66 at 9.)  Defendants also argue that plaintiff's allegations against defendant Spaulding are contradicted by defendant Spaulding's responses to plaintiff's first set of interrogatories.  In response to interrogatory no. 1, defendant Spaulding denied that plaintiff reported defendant Joseph's misconduct to him on September 9, 2020.  (ECF No. 66-3 at 19.)  In response to interrogatory no. 3, defendant Spaulding denied informing plaintiff on September 9, 2020 that plaintiff had nothing coming as long as he resided at CHCF.  (Id.)

*Discussion*

The undersigned recommends that plaintiff's motion for summary judgment on the merits of his claims be denied because, for the reasons set forth in the discussion of defendants' summary judgment motion, the alleged conduct of defendants Joseph and Spaulding did not violate the Eighth Amendment.  Because plaintiff's Eighth Amendment claims were extensively discussed above, the undersigned need not address these claims further herein.

In addition, the undersigned also finds that whether defendant Joseph committed the alleged deprivations is disputed.  In his supplemental response to plaintiff's interrogatories, defendant Joseph denies the alleged deprivations.  Based on these responses, the undersigned finds that whether defendant Joseph committed the alleged deprivations is disputed.

For the following reasons, the undersigned finds that defendants did not demonstrate a dispute regarding whether defendant Spaulding committed the alleged deprivations.  Plaintiff alleges that he reported defendant Joseph's misconduct to defendant Spaulding on September 2, 2020.  The interrogatories, discussed above, ask defendant Spaulding about an incident on September 9, 2020.  For this reason, defendant Spaulding's responses to plaintiff's interrogatories do not create a dispute regarding whether defendant Spaulding failed to report defendant Joseph's misconduct on September 2, 2020.

B.  Retaliation

Plaintiff argues that defendant Spaulding retaliated against plaintiff for filing this action by verbally threatening plaintiff and filing false rules violation reports.  (ECF No. 62 at 3-4, 12-

24

14, 21.)  Plaintiff's complaint did not raise this retaliation claim against defendant Spaulding.

Plaintiff may not raise a new claim in his summary judgment motion.  See Wolf v. University

Professional & Technical Employees, 2020 WL 6342934, at *4 (N.D. Cal. Oct. 29, 2020)

("Slinking in a new claim in his summary judgment motion cannot serve as a substitute to

amending his complaint.").  Accordingly, plaintiff's retaliation claim against defendant

Spaulding, raised for the first time in his summary judgment motion, is disregarded.

   C.   Video Footage

   In the opposition, plaintiff argues that he has been denied video footage of the incidents.

(ECF No. 62 at 5-12.)  Plaintiff appears to argue that he should be granted summary judgment

based on the alleged spoliation of video evidence.  The background to this argument follows

herein.

   *Background*

   On April 27, 2022, the undersigned granted in part and denied in part plaintiff's motion to

compel further responses to request for production of documents nos. 1-7 and 9.  (ECF No. 35.)

In request for production no. 3, plaintiff sought "Moving video footage/recording of CHCF unit

E1 kitchen pantry area on the 9th-13th day of September, 2020 between 5:00 p.m.-6:00 p.m."

(Id. at 9.)  In request for production no. 4, plaintiff sought, "Moving video footage/recording of

CHCF unit E1B officer's desk and cell areas (all) on the 29th day of September, 2020 between

3:00-3:40 p.m."  (Id.)

   Defendants responded to requests nos. 3 and 4 that, despite a diligent and reasonable

search, the requested video footage did not exist.  (Id. at 10.)  The undersigned ordered

defendants to supplement their response to request nos. 3 and 4 with sufficient detail on the

search efforts undertaken for the requested videos.  (Id. at 11.)

   Defendants filed supplemental briefing addressing the search efforts undertaken for the

requested videos.  (ECF No. 40.)  Defendants represented that the video footage plaintiff sought

did not exist because the CHCF camera did not capture the areas requested by plaintiff.  (Id. at 3.)

In a declaration attached to defendants' supplemental briefing, Litigation Coordinator Takehara

stated that the video footage did not exist because the areas from which plaintiff sought video

footage, i.e., the CHCF unit E1B Kitchen Pantry area and the CHCF Unit E1B officer's desk and cell areas, were not areas that were captured on cameras.  (Id. at 2.)

On May 23, 2022, the undersigned denied plaintiff's motion to compel regarding request nos. 3 and 4 because the requested videos did not exist.  (ECF No. 41.)

On June 29, 2022, plaintiff filed a motion for sanctions.  (ECF No. 54.)  Plaintiff claimed that Litigation Coordinator Takehara's declaration stating that video footage of the requested areas did not exist because these areas were not captured on cameras was false.  (Id.)  On January 23, 2023, the undersigned denied plaintiff's motion for sanctions.  (ECF No. 76.)

*Discussion*

In his summary judgment motion, plaintiff argues that the video footage he sought in his motion to compel existed.  (ECF No. 62 at 5-12.)  Plaintiff contends that the video footage was wrongly erased, discarded or destroyed.  (Id. at 6.)

The undersigned construes plaintiff's arguments regarding the video footage as a request for an adverse inference based on the alleged spoliation of evidence.  The video footage appears to have been electronic evidence.

"'The failure to preserve electronic or other records, once the duty to do so has been triggered, raises the issue of spoliation of evidence and its consequences.'"  Surowiec v. Capital Title Agency, Inc., 790 F. Supp.2d 997, 1005 (D. Ariz. 2011) (quoting Thompson v. U.S. Dep't of Hous. & Urban Dev., 219 F.R.D. 93, 100 (D. Md. 2003)).  "[T]he obligation to preserve evidence arises prior to the filing of a complaint where a party is on notice that litigation is likely to be commenced."  Turner v. Hudson Transit Lines, Inc., 142 F.R.D. 68, 72 (S.D.N.Y. 1991).  A party's failure to preserve evidence constitutes "willful spoliation if the party has 'some notice that the documents were *potentially* relevant to the litigation before they were destroyed.'"  Leon v. IDX Systems Corp., 464 F.3d 951, 959 (9th Cir. 2006) (quoting United States v. Kitsap Physicians Serv., 314 F. 3d 995,1001 (9th Cir. 2002)) (italics in original).

A court "can sanction a party who has despoiled evidence" under its "inherent power ... to levy sanctions in response to abusive litigation practices."  Leon, 464 F.3d 951, 958 (9th Cir. 2006).  As a sanction for spoliation, a court considering a summary judgment motion may give

26

1    the harmed party the benefit of an adverse inference that the spoliated evidence would have

2    benefited their action.  See In re Oracle Corp. Securities Litigation, 627 F.3d 376, 386 (9th Cir.

3    2010).

4          For the following reasons, the undersigned finds that plaintiff is not entitled to an adverse

5    inference based on alleged spoliation of the at-issue videos.  First, the undersigned previously

6    found no evidence that the requested videos existed in the first place.  (ECF Nos. 41, 76.)

7    Therefore, plaintiff's claim that defendants destroyed the videos is without merit.

8          However, even if the requested videos existed and were improperly destroyed, the

9    undersigned finds that plaintiff is not entitled to an adverse inference because there is no adverse

10   inference to be made.  Video footage of the September 29, 2020 incident would not demonstrate

11   that defendant Joseph violated plaintiff's constitutional rights.  Video footage of the incident in

12   the kitchen, showing defendant Joseph's alleged brief touching of plaintiff's penis outside of his

13   pants also would not demonstrate that defendant Joseph violated plaintiff's constitutional rights.

14   As discussed above, defendant Joseph's alleged brief touching of plaintiff did not violate the

15   Eighth Amendment.  For these reasons, plaintiff's request for an adverse inference based on the

16   alleged spoliation of the at-issue videos should be denied.  Cf. Reinsdorf v. Skechers U.S.A., Inc.,

17   296 F.R.D. 604, 631 (N.D. Cal. July 19, 2013) (deletion of irrelevant evidence does not support a

18   spoliation claim); cf. Kronisch v. United States, 150 F.3d 112, 128 (2d Cir.1998) (when a party

19   "has produced no evidence—or utterly inadequate evidence—in support of a given claim", "the

20   destruction of evidence, standing alone, is [not] enough to allow [the] party ... to survive

21   summary judgment on that claim").

22        D.   Remaining Matters

23          In his summary judgment motion, plaintiff contends that he exhausted administrative

24   remedies.  (ECF No. 62 at 21-22.)  Plaintiff also includes legal briefing addressing qualified

25   immunity.  (Id. at 22-23.)  The purpose of plaintiff's discussion of administrative exhaustion and

26   qualified immunity in his summary judgment motion is unclear.

27          Because plaintiff's exhaustion of administrative remedies is not at issue, the undersigned

28   will not address this issue further.  The undersigned will not address the issue of qualified

1    immunity as it is not relevant to plaintiff's summary judgment motion.

2         VI.    Plaintiff's Motion for Clarification (ECF No. 77)

3         On February 6, 2023, plaintiff filed a motion for clarification.  (ECF No. 77.)  In this

4    motion, plaintiff argues that the undersigned wrongly denied his motion to compel the production

5    of the videotapes, discussed above, by relying solely on the declaration of Litigation Coordinator

6    E. Takehara.  (Id. at 6.)  Plaintiff contends that the court should have granted his request for an

7    order directing a "CHCF employee who specializes (I.S.U.) to submit camera footage that video

8    captures EIB to the court, accompanied by a sworn declaration."  (Id. at 6.)  Plaintiff filed a

9    declaration in support of his motion for clarification in which he states that he submitted evidence

10   proving that video captures the areas of his claims, contrary to the declaration of Litigation

11   Coordinator E. Takehara.  (ECF No. 78.)

12        The undersigned construes plaintiff's motion for clarification as a request for

13   reconsideration of the January 23, 2023 order denying plaintiff's motion for sanctions.  As

14   discussed above, in the motion for sanctions, plaintiff claimed that Litigation Coordinator

15   Takehara's declaration stating that video footage of the requested areas did not exist was false.

16   (ECF No. 54.)  On January 23, 2013, the undersigned denied plaintiff's motion for sanctions.

17   (ECF No. 76.)

18        As discussed above, plaintiff's allegations against defendants Joseph and Spaulding do not

19   demonstrate violations of the Eighth Amendment.  Assuming videos of the kitchen incident and

20   the September 29, 2020 incident exist or existed, they would not demonstrate a violation of

21   plaintiff's Eighth Amendment rights.  For these reasons, the undersigned recommends that

22   plaintiff's motion for clarification, construed as a request for reconsideration of the January 23,

23   2023 order denying plaintiff's motion for sanctions, be denied.

24        Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall appoint a

25   district judge to this action; and

26        IT IS HEREBY RECOMMENDED that:

27        1.  Defendants' motion to strike plaintiff's sur-reply (ECF No. 71) be granted;

28        2.  Defendants' summary judgment motion (ECF No. 65) be granted;

3.  Plaintiff's motion for summary judgment (ECF No. 62) be denied;

4.  Plaintiff's motion for clarification (ECF No. 77), construed as a request for

reconsideration of the January 23, 2023 order denying plaintiff's motion for sanctions,

be denied.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

objections shall be filed and served within fourteen days after service of the objections.  The

parties are advised that failure to file objections within the specified time may waive the right to

appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 6, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Rich975.sj(3)

29