1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CRAIG RICHARD,                          No.  2:21-cv-00975-DAD-KJN (PC)

12              Plaintiff,

13        v.                                 ORDER ADOPTING FINDINGS AND
                                             RECOMMENDATIONS IN PART,
14   JOSEPH, et al.,                         GRANTING IN PART AND DENYING IN
                                             PART DEFENDANTS' MOTION FOR
15              Defendants.                  SUMMARY JUDGMENT, GRANTING
                                             DEFENDANTS' MOTION TO STRIKE,
16                                           DENYING PLAINTIFF'S MOTION FOR
                                             SUMMARY JUDGMENT, AND DENYING
17                                           PLAINTIFF'S REQUEST FOR
                                             RECONSIDERATION
18
                                             (Doc. Nos. 62, 65, 71, 77, 84)
19

20

21        Plaintiff Craig Richard is a state prisoner proceeding *pro se* and *in forma pauperis* in this

22   civil rights action brought pursuant to 42 U.S.C. § 1983.  The matter was referred to a United

23   States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

24        On June 2, 2021, plaintiff filed a verified complaint initiating this case.  (Doc. No. 1.)

25   This action now proceeds only on plaintiff's Eighth Amendment claim brought against

26   defendants Spaulding and Joseph predicated on plaintiff's allegations that defendant Joseph

27   sexually harassed and assaulted plaintiff and that defendant Spaulding failed to intervene.  (Doc.

28   Nos. 1, 6, 9.)  On August 4, 2022, plaintiff filed a motion for summary judgment.  (Doc. No. 62.)

                                             1

1   On August 17, 2022, defendants filed their own motion for summary judgment.  (Doc. No. 65.)

2   On December 9, 2022, defendants filed a motion to strike a sur-reply that plaintiff filed in

3   opposition to defendants' reply in support of their motion for summary judgment.  (Doc. No. 71.)

4   On March 7, 2023, the assigned magistrate judge issued findings and recommendations

5   recommending that:  (i) plaintiff's motion for summary judgment be denied; (ii) defendants'

6   motion for summary judgment be granted; and (iii) defendants' motion to strike be granted.

7   (Doc. No. 84.)

8        Before addressing the pending findings and recommendations, however, the undersigned

9   will first address plaintiff's pending request for reconsideration of the assigned magistrate judge's

10   January 23, 2023 order denying plaintiff's request for the imposition of sanctions against

11   defendants.  (Doc. No. 77.)

12                            **REQUEST FOR RECONSIDERATION**

13        On February 6, 2023, plaintiff filed a motion titled, "Motion placing [the] court on judicial

14   notice, and Motion for clarification of record," which the court will construe as a request for

15   reconsideration of the assigned magistrate judge's January 23, 2023 order denying plaintiff's

16   motion seeking the imposition of sanctions on defendants related to a discovery dispute between

17   the parties regarding the existence of video camera footage.  (Doc. No. 77.)

18        The standard of review for "all such requests is the 'clearly erroneous or contrary to law'

19   standard set forth in 28 U.S.C. § 636(b)(1)(A)."  L.R. 303(f) (citing Fed. R. Civ. P. 72(a)).

20   Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be

21   referred to and decided by a magistrate judge, subject to review by the assigned district judge.

22   Fed. R. Civ. P. 72 (a); *see also* L.R. 303(c).  The district judge shall modify or set aside any part

23   of the magistrate judge's order which is "found to be clearly erroneous or contrary to law."  L.R.

24   303(f); *see also* 28 U.S.C. § 636(b)(1)(A).  The magistrate judge's factual determinations are

25   reviewed for clear error, while legal conclusions are reviewed to determine whether they are

26   contrary to law.  *United States v. McConney*, 728 F.2d 1195, 1200–01 (9th Cir. 1984), *overruled*

27   *on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991).  "A magistrate

28   judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an

2

1  element of [the] applicable standard, or fails to apply or misapplies relevant statutes, case law, or

2  rules of procedure." *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1

3  (E.D. Cal. July 18, 2014). "[R]eview under the clearly erroneous standard is significantly

4  deferential, requiring a definite and firm conviction that a mistake has been committed."

5  *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602,

6  623 (1993) (internal quotation marks omitted).

7        Here, plaintiff does not explain in what way the magistrate judge's January 23, 2023 order

8  is "clearly erroneous or contrary to law," nor does he articulate any valid basis for reconsideration

9  of that order. Indeed, plaintiff merely reiterates the same arguments presented to the magistrate

10 judge in his original motion seeking the imposition of sanctions, i.e., that a litigation coordinator

11 lied in her declaration about the existence of certain video camera footage at plaintiff's institution

12 of confinement. (*Compare* Doc. No. 77 at 6–7 *with* Doc. No. 54 at 1–3.) However, the

13 undersigned has reviewed the litigation coordinator's declaration and concludes that the

14 magistrate judge's factual findings—that the declaration demonstrated that a diligent search had

15 been conducted on two separate occasions for the video footage that was the subject of plaintiff's

16 document requests—were not clearly erroneous. (Doc. No. 40-1.) In addition, having reviewed

17 the parties' briefing submitted in connection with plaintiff's motion seeking the imposition of

18 sanctions, the undersigned concludes that the magistrate judge did not err in finding that the

19 specific discovery request propounded in this action by plaintiff did not clearly overlap with the

20 video footage plaintiff purportedly viewed later at a settlement conference conducted in a separate

21 action. Moreover, the magistrate judge did not err in finding that there was no indication that

22 litigation coordinator lied in her declaration. Notably, video footage that may have captured areas

23 within plaintiff's institution of confinement near where the alleged incidents occurred would not

24 have fallen within the scope of plaintiff's original document requests.[1] Most importantly, none of

25 the forgoing demonstrates bad faith conduct on behalf of defendants that would warrant the

26

27    _____

28    [1]  In fact, at his deposition plaintiff referred to the location where the alleged sexual assault
     occurred as a known "blind spot" which "was the type of place where a lot of people got
     jumped." (Pl. Dep. Tr. 56:8–16.)

imposition of sanctions under the court's inherent authority, as sought by plaintiff.  *See Fink v. Gomez*, 239 F.3d 989, 993–94 (9th Cir. 2001) (finding that under a court's inherent power "mere recklessness, without more, does not justify sanctions" and that sanctions "are available if the court specifically finds bad faith or conduct tantamount to bad faith").  Thus, the magistrate judge's order denying plaintiff's motion seeking the imposition of sanctions was not contrary to law.

Accordingly, the court will deny plaintiff's request for reconsideration of the magistrate judge's January 23, 2023 order.

## FINDINGS AND RECOMMENDATIONS

As noted, on March 7, 2023, the assigned magistrate judge issued findings and recommendations recommending that:  (i) defendants' motion for summary judgment (Doc. No. 65) be granted because none of the comments or conduct by defendant Joseph constituted sexual harassment or sexual assault in violation of plaintiff's Eighth Amendment rights nor was defendant Spaulding aware of facts from which an inference could be drawn that plaintiff faced a substantial risk of serious harm from defendant Joseph; (ii) defendants' motion to strike plaintiff's sur-reply to defendants' reply in support of their motion for summary judgment (Doc. No. 71) be granted because plaintiff had failed to first seek leave from the court before filing a sur-reply; and (iii) plaintiff's motion for summary judgment (Doc. No. 62) be denied based on the same Eighth Amendment analysis conducted with respect to defendants' motion for summary judgment and because there were disputed issues of material fact precluding the granting of that motion.  (Doc. No. 84.)  The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service.  (*Id.* at 29.)  On March 24, 2023, plaintiff filed his objections.  (Doc. No. 85.)   On April 10, 2023, defendants filed a belated response to plaintiff's objections which the court has nonetheless considered.  (Doc. No. 87.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including plaintiff's objections, the undersigned will adopt the pending findings and recommendations, in part.  For

the reasons explained below, the undersigned declines to adopt the recommendation that defendants' motion for summary judgment be granted as to plaintiff's Eighth Amendment claim brought against defendant Joseph predicated on allegations of sexual assault.  As to the other legal theories underpinning plaintiff's Eighth Amendment claim for which defendants sought summary judgment, i.e., defendant Joseph's alleged verbal sexual harassment and defendant Spaulding's alleged failure to intervene, the undersigned concludes that the pending findings and recommendations are supported by the record and proper analysis and will therefore adopt the recommendation that defendants' motion for summary judgment be granted as to those legal theories.  In addition, the undersigned concludes that the recommendation that plaintiff's motion for summary judgment be denied because there are genuine disputes of material fact is supported by the record and proper analysis and will therefore be adopted.  Lastly, the undersigned concludes that the recommendation that defendants' motion to strike plaintiff's unauthorized sur-reply to defendants' reply in support of their motion for summary judgment should also be adopted.

The pending findings and recommendation found that based upon the evidence presented on summary judgment it is undisputed "that defendant Joseph briefly touched plaintiff over his clothes in the penis area and [plaintiff] immediately pulled back," but "whether defendant Joseph made sexual comments and/or threats at the time he allegedly touching [sic] plaintiff is disputed."[2]  (Doc. No. 84 at 14.)  Based on that evidence, the findings and recommendations

---

[2]  The precise undisputed fact submitted by defendant Joseph in support of his motion for summary judgment states that:

> Richard testified that Joseph asked Richard what he was doing and then grabbed him in the zipper area. . .. Joseph *allegedly* touched Richard over his clothes in the penis area and Richard immediately pulled back.

(Doc. No. 65-2 at 3, Fact 10.)  Although in his undisputed fact defendant Joseph frames the touching as "allegedly" occurring, defendant Joseph cites only to plaintiff's deposition testimony and a review of the deposition testimony reveals that plaintiff unequivocally testified that defendant Joseph "grabbed [him] in the zipper area" and in response to the question, "Did [defendant Joseph] make contact with your penis or your genitals?" plaintiff responded, "Yes, he did."  (Pl. Dep. Tr. 57:19–24, 59:7–60:22.)

concluded that "defendant Joseph's alleged brief touching of plaintiff in his penis area, outside of his clothes, did not violate the Eighth Amendment, regardless of whether defendant Joseph made lude comments and/or threatened plaintiff at the time of this incident." (*Id.* at 16.)  The findings and recommendations appear to principally rely on the decision in *Watison v. Carter*, 668 F.3d 1108, 1113–14 (9th Cir. 2012) for the proposition that "[c]laims of brief inappropriate touching with sexual overtones have been found not to state Eighth Amendment violations." (Doc. No. 84 at 14.)

More recently, however, the Ninth Circuit reviewed its jurisprudence as to sexual assault claims by prisoners and held that

> a prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner.

*Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020).  In addition, the Ninth Circuit explained that its case law regarding Eighth Amendment claims arising from sexual assault makes the following points "very clear":  (i) "sexual assault serves no valid penological purpose"; (ii) "where an inmate can prove that a prison guard committed a sexual assault, we presume the guard acted maliciously and sadistically for the very purpose of causing harm, and the subjective component of the Eighth Amendment claim is satisfied"; and (iii) "an inmate need not prove that an injury resulted from sexual assault . . . [a]ny sexual assault is objectively 'repugnant to the conscience of mankind' and therefore not *de minimis* for Eighth Amendment purposes."  *Id.* (citation omitted).  In other words, "[t]he current Eighth Amendment jurisprudence focuses on whether the alleged sexual harassment had a 'legitimate penological justification,' and was intended to sexually gratify the perpetrator or to 'humiliat[e], degrad[e], or demean[]' the inmate."  *Brewster v. Mills*, No. 20-cv-03254-HSG, 2022 WL 976973, at *3 (N.D. Cal. Mar. 31, 2022) (noting that "the law regarding sexual abuse and sexual harassment has changed over time") (citing *Bearchild*, 947 F.3d at 1144).

/////

1    Having closely reviewed the legal standard articulated by the Ninth Circuit in *Bearchild*,

2    the undersigned finds that based on the evidence before the court on summary judgment,

3    defendants have not satisfied their burden to establish that the incident involving plaintiff and

4    defendant Joseph did not amount to sexual assault as a matter of law.  It is undisputed that

5    "sometime between September 8 and 13, 2020, [plaintiff] entered the kitchen alone and defendant

6    Joseph walked in behind him" and that defendant Joseph "grabbed [plaintiff] in the zipper area"

7    and in doing so "touched plaintiff over his clothes in the penis area."  (Doc. No. 84 at 8, 14.)

8    Notably, in defendants' motion for summary judgment, they do not offer any penological

9    justification for the encounter or for defendant Joseph's touching of plaintiff's "penis area," nor

10   do they contend (or offer evidence in support of such a contention) that the touching of plaintiff's

11   penis area was unintentional.[3]  (Doc. No. 65-1 at 14.)  Indeed, no such justification is apparent

12   based on the court's review of the evidence before it on defendant's motion for summary

13   judgment.  Rather, that evidence establishes that it is undisputed that in the month prior to that

14   incident, defendant Joseph made several sexually charged statements to plaintiff including that

15   plaintiff "had some 'good dick'" and that he, Joseph, bet plaintiff enjoyed being previously

16   sexually assaulted.  (Doc. No. 84 at 6–7; Pl. Dep. Tr. 21:15–22:2.)  In addition, it is undisputed

17   that approximately one week before defendant Joseph grabbed plaintiff in the area of his zipper

18   and touched plaintiff's penis, on September 2, 2020, defendant Joseph had made sexual

19   comments directed toward plaintiff that plaintiff construed as defendant Joseph "making a pass at

20   him" and again joked that "plaintiff had some good dick" and that these comments made by

21   defendant Joseph disturbed and bothered plaintiff.  (Doc. No. 84 at 7.)

22         Viewing this evidence in the light most favorable to plaintiff and applying the legal

23   standard articulated by the Ninth Circuit in *Bearchild*, a jury could reasonably find that when

24   _____

25   [3]  Instead, defendants merely argue that there is no evidence that defendant Joseph "acted with a
     sufficiently culpable state of mind" or that the contact was "objectively harmful enough to

26   establish a constitutional violation."  (Doc. No. 65-1 at 14.)  But such arguments are unavailing
     here because in situations where it is undisputed that the plaintiff prisoner was touched in such a

27   manner by a correctional officer, the court must "presume [that] the guard acted maliciously and
     sadistically for the very purpose of causing harm" and plaintiff "need not prove that an injury

28   resulted from [the] sexual assault."  *Bearchild*, 947 F.3d at 1144.

defendant Joseph approached plaintiff from behind when they were alone and grabbed plaintiff's "penis area," without any penological justification, that this touching was intended to humiliate or degrade plaintiff, or was done for defendant Joseph's own sexual gratification, even though it was brief.[4]  *See Bearchild*, 947 F.3d at 1144; *see also* 28 C.F.R. § 115.6 (defining, for purposes of the Prison Rape Elimination Act, "sexual abuse of an inmate" as "[a]ny other intentional touching, either directly or through the clothing, of the genitalia. . ."); *Anderson v. Ferguson*, No. 20-cv-04368-HSG, 2022 WL 767191, at *9 (N.D. Cal. Mar. 14, 2022) (denying the defendant's motion for summary judgment on plaintiff's Eighth Amendment sexual assault claim when it was established that defendant cupped plaintiff's head and pulled it to within four inches of his groin area even though it "lasted less than a minute, [was] not accompanied by sexual comments, and did not involve fondling or touching of genitals").  *Cf. Brewster v. Mills*, No. 20-cv-03254-HSG, 2022 WL 976973, at *4 (N.D. Cal. Mar. 31, 2022) (finding that a defendant who "swiped" plaintiff's buttocks "a little bit" in the process of tightening handcuffs on plaintiff after a shower did not amount to a sexual assault under the decision in *Bearchild* because of the penological purpose of affixing handcuffs and because plaintiff failed to demonstrate how defendant had exceeded the scope of that purpose).

The undersigned also finds the Ninth Circuit's decision in *Watison*, relied upon in the pending findings and recommendations, to be distinguishable from this case.  In *Watison*, the Ninth Circuit found that a prisoner plaintiff failed to state a claim that he was sexually harassed in violation of the Eighth Amendment where the plaintiff had alleged that a correctional officer entered his cell while plaintiff was on the toilet and began to search the cell.  668 F.3d at 1113.  In doing so, the correctional officer approached plaintiff while he was still seated on the toilet and his thigh rubbed against the plaintiff's thigh and then left the cell smiling and laughing.  *Id.* Unlike in *Watison*, where the correctional officer was alleged to be searching the prisoner's cell, defendant Joseph here has not offered any penological justification for his contact with plaintiff's "penis area" while grabbing the area of plaintiff's zipper.  Moreover, the contact that did occur

---

[4]  Plaintiff also clarified in his deposition that the contact was only brief due to his own action of recoiling from the contact.  (Pl. Dep. Tr. 60:5–11.)

according to the undisputed evidence here is certainly a far more overtly sexual than the mere brushing of thighs that occurred in *Watison*.  In short, the undisputed evidence on summary judgment establishes that this was no inadvertent touch, but rather the grabbing of plaintiff's crotch by defendant Joseph from which plaintiff recoiled.  Accordingly, the undersigned is not persuaded that the Ninth Circuit's decision in *Watison* supports the granting of summary judgment in defendants' favor as a matter of law in this case.  *See also Hill v. Rowley*, 658 F. Appx. 840, 841 (9th Cir. 2016)[5] (reversing the district court's dismissal of a claim for sexual harassment where it was alleged that the defendant correctional officer was "gripping" plaintiff's buttocks) (citing *Wood v. Beauclair*, 692 F.3d 1041, 1049–51 (9th Cir. 2012)).

     For the reasons explained above, the undersigned declines to adopt the recommendation that defendants' motion for summary judgment as to plaintiff's sexual assault theory of liability be granted.  Instead, the undersigned concludes that a reasonable jury could find for plaintiff based on the evidence before the court on summary judgment.  Accordingly, defendants' motion for summary judgment will be denied in this respect, but otherwise granted as to plaintiff's

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

---

[5]  Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

theories of verbal sexual harassment[6] by defendant Joseph and defendant Spaulding's failure to intervene.

In addition, the pending findings and recommendations denied plaintiff's motion for summary judgment, in part, based on the conclusion that "the alleged conduct of defendant[] Joseph . . . did not violate the Eighth Amendment." (Doc. No. 84 at 24.) Consistent with the court's analysis above regarding plaintiff's sexual assault theory of liability, the undersigned also declines to adopt the recommendation that plaintiff's motion for summary judgment be denied to the extent it is based on the conclusion that even under plaintiff's evidence no Eighth Amendment violation occurred. However, the undersigned will adopt the recommendation that plaintiff's motion for summary judgment be denied because there is a genuine dispute of material fact as to

/////

/////

/////

/////

---

[6] As the pending findings and recommendations noted (Doc. No. 84 at 13, n.4), the undersigned two years ago observed:

> The comments allegedly made by the defendant here are obviously highly offensive and completely and totally inappropriate. In light of the sheer number of cases in which such highly inappropriate comments of a sexual nature are allegedly made in the prison setting, perhaps it is time for the Ninth Circuit to reevaluate and address the contours of those circumstances in which the comments are sufficiently "gross even for a prison setting" and to lead to an inference of being calculated to cause psychological damage, so as to state a cognizable Eighth Amendment claim. *See Keenan*, 83 F.3d at 1092. Until and unless that happens, however, "[u]nfortunately for plaintiff, the law is clear: verbal harassment, even if sexual in nature, does not without more violate the Constitution." *Reed*, 2019 WL 4745266, at * 4–5.

Here, plaintiff has alleged that defendant Joseph verbally harassed him over a three-month period and that defendant's comments were increasingly of both a sexual nature (i.e., defendant telling plaintiff that plaintiff had some "good dick" and had enjoyed being previously sexually exploited) and more threatening. (*See* Doc. No. 84 at 5–9.) Yet, as explained in the pending findings and recommendations, such evidence is insufficient to survive summary judgment under binding Ninth Circuit authority. In the undersigned's view, a case such as this one provides yet another example of why the Ninth Circuit should now reevaluate the law governing claims of such disturbing conduct by officials in the prison setting.

1    whether defendant Joseph committed the alleged sexual assault.[7]   (*Id.*)

2          Lastly, plaintiff's objections to the pending findings and recommendation consist largely

3    of transcribed portions of the findings and recommendations and restatements of arguments and

4    evidence that plaintiff had already presented in connection with his motion for summary

5    judgment.  (Doc. No. 85.)  Plaintiff does appear to provide a differing factual account of the

6    alleged sexual assault upon him (*id.* at 6), but the facts as stated in his objections also appear to

7    contradict plaintiff's own deposition testimony, which only further bolsters the assigned

8    magistrate judge's conclusion that because there are disputed issues of material fact as to that

9    claim which only the trier of fact can resolve, plaintiff's motion for summary judgment must be

10   denied.  In defendants' response to plaintiff's objections, they merely contend that plaintiff

11   "misstates the record and evidence" because plaintiff incorrectly transcribed the undisputed fact

12   regarding plaintiff's alleged sexual assault in his objections.  (Doc. No. 87 at 4.)  Notably,

13   defendants do not dispute the underlying deposition testimony that defendant Joseph grabbed

14   plaintiff's crotch.  Defendants also cite the decision in *Watison v. Carter* to rebut plaintiff's

15   contention in his objections that he has suffered physical and mental injury due to the alleged

16   sexual assault.  (Doc. No. 87 at 4 – 5.)  However, as explained above, the undersigned has found

17   *Watison* to be distinguishable from the situation here.  Moreover, defendants' position ignores the

18   Ninth Circuit's holding that "an inmate need not prove that an injury resulted from sexual

19   assault."  *Bearchild*, 947 F.3d at 1144.  For these reasons, as well as the court's finding that

20   defendants' motion for summary judgment should be denied in part, neither plaintiff's objections

21   nor defendants' response to those objections provide any basis upon which to reject the pending

22   findings and recommendations in this regard.

23   /////

24   /////

---

25   [7]  In other words, although defendants treated plaintiff's allegations and evidence as undisputed
26   for purposes of their own motion for summary judgment, defendants presented evidence in
     opposition to plaintiff's motion for summary judgment contradicting plaintiff's version of events
27   with respect to the alleged sexual assault.  (*See* Doc. No. 84 at 23) (explaining that in opposition
     to plaintiff's motion for summary judgment, defendants submitted interrogatory responses stating
28   that "defendant Joseph denied sexually assaulting . . .  plaintiff . . . in September 2020").

**CONCLUSION**

Accordingly,

1.     The pending findings and recommendations issued on March 7, 2023 (Doc.
No. 84) are adopted in part, as follows:

    a.     Plaintiff's motion for summary judgment (Doc. No. 62) is denied;

    b.     Defendants' motion for summary judgment (Doc. No. 65) is denied as to
plaintiff's Eighth Amendment claim brought against defendant Joseph
predicated on an alleged sexual assault; and

    c.     Defendants' motion for summary judgment (Doc. No. 65) is granted as to
plaintiff's other theories of liability;

2.     Defendants' motion to strike plaintiff's unauthorized sur-reply (Doc. No. 71) is
granted;

3.     Plaintiff's request for reconsideration (Doc. No. 77) is denied; and

4.     This action is referred back to the assigned magistrate judge for further
proceedings.

IT IS SO ORDERED.

Dated:   **April 11, 2023**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE